## P. J. WILLIS & BRO. v. W. K. HEATH.

### No. 2755.

**1. Garnishment—Negotiable Note—Fraud.**—It is a general rule that the maker of a negotiable promissory note can not be subjected to the payment of the same under the writ of garnishment before maturity. Nor is the rule different when he executed the note with the knowledge that it was the purpose of the payee to place the funds beyond the reach of his creditors.

**2. Attorney Fee Allowed Garnishee.**—The court is authorized to allow to a garnishee reasonable attorney fees. In absence of testimony showing it too much, an allowance of forty dollars fixed by the court will not be reversed.

APPEAL from Camp. Tried below before Hon. John L. Sheppard.

This is an appeal from a judgment sustaining exceptions to pleadings of appellants controverting the answer of appellee in garnishment. The court allowed the garnishee forty dollars attorney fee for preparing answer, etc. The opinion states the case.

*M. L. Morris*, for appellants.—1. Fraud vitiates all contracts, and therefore against the maker's own collusion with the payee to defeat the plaintiff's right to the judgment against the maker as garnishee the law does not protect him. Thompson v. Gainesville National Bank, 66 Texas, 156–59; Drake on Att., 6 ed., secs. 598–601, 458, and notes.

2. While the general doctrine is that the maker of a negotiable note

can not be charged as garnishee of the payee before its maturity, and not afterwards unless it is affirmatively shown that the payee is still the owner and holder of the note, yet all attempts of the maker to execute promissory notes payable to a third person at some future date, for the purpose of placing the proceeds beyond the reach of bona fide creditors of the beneficiary in the note, and to hinder and delay creditors in the collection of their debts with a knowledge of the fraudulent intent, have been discountenanced and not upheld by the courts.

3.   While the general doctrine of garnishment is that the plaintiff does not acquire any greater rights against the garnishee than the defendant himself possesses, this principle is subject to an exception where the garnishee is in possession of effects of the defendant under a fraudulent transfer from the latter; for the law makes it obligatory on the party buying property of an insolvent debtor to see that the proceeds go to the creditors.   Greenleve, Block & Co. v. Blum, 59 Texas, 124; Ellis v. Valentine & Son, 65 Texas, 532.

4.   Appellants' allegations in their contest for the purpose of this decision being admitted as true, appellee stands charged with being a party to a fraudulent transaction, and in law is not entitled to recover the compensation allowed by statute to a garnishee for answering until appellants have failed to sustain those allegations by proof or appellee has vindicated himself against said charges.   Rev. Stats., art. 219.

*Peteet & Crosby,* for appellee.

GAINES, ASSOCIATE JUSTICE.—Appellants being judgment creditors of R. H. Heath and B. D. Wilson, partners composing the firm of Heath & Wilson, sued out a writ of garnishment, and caused it to be served upon appellee.   Appellee answered, denying that he owed the defendants, and that he had any of their effects in his possession.   Appellants contested his answer, alleging in substance that after the accrual of the indebtedness of Heath & Wilson to them, B. D. Wilson sold his interest in the partnership effects to his partner, R. H. Heath, who in consideration therefor executed to him four promissory notes for the sum in the aggregate of $2500, with the appellee as his surety; that before the last note fell due appellee purchased of R. H. Heath the store house which had formerly belonged to Heath & Wilson, and the stock of goods belonging to R. H. Heath, and in the transaction assumed the payment of the balance due upon the notes, which amounted to $1735.35, and that for this sum appellee executed to Mrs. M. F. Wilson, the wife of B. D. Wilson, his promissory note, due two years after date.   This last note was alleged to have been executed on the day before the judgment in favor of appellants against Heath & Wilson was rendered.   It was also alleged that at the time of its execution R. H. Heath and B. D. Wilson were insolvent,

and that it was made for the purpose of hindering, delaying, and defrauding the creditors in the collection of their debts.     The pleading contesting the answer was excepted to on the ground that the debt sought to be reached was evidenced by a negotiable promissory note, and was therefore not subject to the writ of garnishment, and the exception was sustained and judgment rendered for the garnishee.

The allegations in appellants' pleading must be taken most strongly against them, and it must therefore be assumed that the note upon which the appellee is sought to be charged was a negotiable instrument.     The appellants' counsel in their brief present the case upon that theory, and concede the general rule that the maker of a negotiable promissory note can not be subjected to the payment of the same under the writ of garnishment before its maturity.     They claim, however, that the present case is an exception to the rule, because the note in controversy was made negotiable and payable to Mrs. Wilson for the purpose of defrauding Wilson's creditors.     We find no authority for the doctrine for which appellants contend.     It is universally held that although ordinarily the garnishee can be held liable under the writ only to the extent of his liability to the debtor of the plaintiff, yet he may be charged with property fraudulently transferred to him by such debtor, although the latter has no cause of action against him.

This is but an application of the familiar doctrine that a fraudulent conveyance is void as to creditors, though good as between the parties. This doctrine is applicable in a case where the garnishee holds the effects of the debtor under a fraudulent assignment or transfer.     The maker of a negotiable promissory instrument is not subject to be charged by a writ of garnishment, because if this be done he is liable to be made to pay the same debt twice over; and we find no authority for holding that the rule is different when he executes the note with the knowledge that it is the purpose of the payee to place the fund beyond the reach of his creditors.

If the maker of a promissory note may be charged in garnishment before its maturity on the ground that he knew when he executed it that it was the purpose of the payee to place the fund beyond the reach of his creditors, we see no reason why one who pays a debt with a knowledge of a like intent on part of his creditor may not be compelled to pay again at the suit of the creditors of him to whom he has made the payment.     The giving of a negotiable promissory note for a debt is a mode of payment.

The case of Wood v. Bodwell, 12 Pickering, 268, is in point, and holds that the maker of negotiable instrument under such circumstances is not subject to be charged under the writ of garnishment.     In States where the statutes permit the garnishment of a debt evidenced by negotiable instruments, a different rule may prevail.     So also if after the maturity of a note it be shown that it is in the hands of one who has re-

ceived it with a knowledge that the payee had transferred with intent to defraud his creditors, the maker may be held chargeable. There a different principle applies. We conclude that appellee was not chargeable in this case.

We have treated the transaction as if the note had been payable to B. D. Wilson instead of his wife.

We find no error in the action of the court in allowing the garnishee an attorney's fee for preparing his answer. In Johnson v. Blanks, 68 Texas, 495, we held that such an allowance in such a case was proper, and that an amount fixed by the court, in the absence of testimony showing that it was too much, would be deemed conclusive.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered November 15, 1889.