GUILLOT v. WALLACE.  (No. 7178.)

(Court of Civil Appeals of Texas.  Dallas.
June 27, 1914.)

GARNISHMENT (§ 38*)—PROPERTY SUBJECT—
NEGOTIABLE NOTE.

A negotiable note is not subject to garnishment, and, where the only proof was the execution of the note to a third person for the purchase price of land and the garnishee's duly abstracted judgment against such third person, there was nothing to take it out of the rule.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 73–77; Dec. Dig. § 38.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Garnishment action by Carl Wallace against Gus Guillot. Judgment for plaintiff, and defendant appeals. Reversed, and rendered for defendant.

W. L. Mansfield, of Dallas, for appellant.

RAINEY, C. J. No briefs are filed by appellee, and the case will be considered from the statements found in the briefs of appellant.

Appellee caused a writ of garnishment to issue against appellant alleging that appellant was indebted to one Charles M. Orr, or had effects of Orr's in his hands.

Appellant answered denying that he was indebted to or had effects of Orr in his possession, unless the following facts would be considered an indebtedness, in that, on or about March 18, 1913, he executed and delivered to said Orr his promissory note for $5,000, payable to Orr or order five years after date thereof, and bearing interest at the rate of 8 per cent. per annum, payable semiannually. That he was informed and believes that Orr had negotiated the sale of said note to one Charles Genaro on August 2, 1913, who was demanding the first installment of interest, and prayed to be discharged with his expenses, which he alleged to be $100.

Appellee at the succeeding term of court filed a contest alleging, in effect, that said

note was transferred to secure a debt of $600 until the interest would cancel said indebtedness. Upon hearing judgment was rendered against appellant for $200, from which he appeals.

We think this action of the court was wrong. In this state a negotiable note is not subject to garnishment. Willis v. Heath, 75 Tex. 124, 12 S. W. 971, 16 Am. St. Rep. 876.

The only proof made was the execution of said note, that appellant had a judgment against Orr, which had been duly abstracted, that the note was given for the purchase price of land, but no reason is shown that would subject the note to garnishment.

The judgment is reversed, and here rendered for appellant.