### SORENSON v. CITY NAT. BANK.
(No. 1727.)

(Court of Civil Appeals of Texas. El Paso. May 14, 1925. Rehearing Denied June 11, 1925.)

1. Judgment ⬅️18(1)—Judgment based on unpleaded defense held void.

A judgment based on an unpleaded defense that money sought to be garnished was exempt because constituting proceeds of insurance policy on household goods held void, as being unsupported by pleadings.

2. Pleading ⬅️236(1) — Discretion of trial court to allow amendments to pleading should not be exercised to defeat justice.

Discretion of trial court to allow amendments to pleading should not be exercised to defeat justice.

3. Garnishment ⬅️146 — Denying garnishee leave to amend answer, requested before announcement of readiness for trial, held error.

Denying garnishee leave to amend answer to allege moneys exempt as proceeds of insurance on household goods, requested before announcement of readiness for trial, held error.

4. Trial ⬅️352(4)—Submitting special issue which pleadings did not raise held error.

Submitting special issues which pleadings did not raise, that is, whether the money sought to be garnished represented proceeds of insurance policy on household goods, and was therefore exempt, held error.

Appeal from Nolan County Court; A. S. Mauzey, Judge.

Suit by Paul B. Sorenson against J. H. Wallace, in which the City National Bank appeared as garnishee. Judgment for bank, and plaintiff appeals. Reversed and remanded.

Ed. J. Hamner, of Sweetwater, for appellant.

C. M. Wilchar, of El Paso, and T. Vard Woodruff, of Sweetwater, for appellee.

PELPHREY, C. J. Appellant, Paul B. Sorenson, September 1, 1922, filed suit in justice's court against J. H. Wallace on a sworn account; citation issued same day, and judgment was rendered in his favor September 25, 1922. At the time of filing the suit appellant made the requisite affidavit and filed a proper bond for a writ of garnishment to appellee. The writ was served on appellee on September 1, 1922, and at that time appellant notified appellee that the fund sought to be reached was money deposited in the name of Mrs. J. H. Wallace, which appellant claimed was community property of J. H. Wallace and wife, and subject to the payment of appellant's debt. Appellee filed an answer denying that it had any funds or effects of J. H. Wallace.

The answer was controverted by appellant, and issue tendered. The trial in justice court resulted in a judgment for appellant, from which judgment appellee appealed to the county court of Nolan county. Appellant in county court filed an amended tender of issue, alleging that, when the writ was served on appellee, there was on deposit with appellee in the name of Mrs. J. H. Wallace $897.87, same being the community property of J. H. Wallace and wife, and subject to appellant's judgment against Wallace.

Appellee filed a second amended answer, pleading that the money on deposit in the name of Mrs. J. H. Wallace was exempt because "it was money coming from the destruction of the dwelling on the homestead and a part of the homestead of Mrs. J. H. Wallace, which said homestead was bought and paid for with the separate moneys of the

said Mrs. J. H. Wallace, and which said homestead had not been converted into money as much as six months before the service of the writ of garnishment on said bank in this cause." The case was called for trial on the 20th day of February, 1924, in the county court, and appellee, before announcing ready for trial, asked leave to amend its answer for the purpose of pleading that the household goods covered by the insurance policy were exempt, and that the proceeds coming from said insurance on the household goods were exempt, which leave to amend was denied. Appellee, at the conclusion of appellant's testimony, asked leave to file a trial amendment which was by the court denied. The case was tried before a jury, and submitted on the following special issues:

"(1) Was the money deposited in the City National Bank in the name of Mrs. J. H. Wallace her separate property? Answer Yes or No."

To which the jury answered, "No."

"(2) Was such money the community property of Mrs. J. H. Wallace and her husband, J. H. Wallace? Answer Yes or No."

To which the jury answered, "Yes."

"(3) Was any of said money proceeds of an insurance policy collected from the Continental Insurance Company of New York on household goods destroyed by fire in Sweetwater, Texas? Answer Yes or No."

To which the jury answered, "Yes."

"(4) How much, if any, of said money deposited by Mrs. J. H. Wallace was for insurance on household goods? Answer in dollars and cents."

To which the jury answered, "$500."

After the verdict of the jury was received, the court rendered judgment for appellee, a part of said judgment being as follows, to wit:

"The court having considered the admissions of counsel and the verdict of the jury, finds, that the household goods situated in the dwelling were at the time of the fire being used by the family of defendant, J. H. Wallace, and his wife, as a part and portion of the homestead, that they were by law exempt from execution or any sort or kind of forced levy immediately before the fire, and that said household goods were insured and that they were destroyed by fire involuntarily; and the court further finds that the money deposited in the bank was the proceeds from the destruction of said exempt household goods and furniture by fire, and that said involuntary fire did not change the status of said household goods or of said homestead, or of the money coming therefrom, and did not keep said money in the bank from being exempt from execution or garnishment or any other sort of forced sale within a period of six months from the time of the destruction of said homestead and household goods by the fire, or for a reasonable time after the destruction of said homestead and household goods by the fire; that a reasonable time had not elapsed after the destruction of said property before the writ of garnishment was served on the garnishee bank. Hence the court finds that said garnishment was not authorized by law, and the same money was exempt from garnishment."

We think the most important question in the case is whether or not the judgment rendered by the court is supported by the pleadings.

[1] The record discloses no pleading wherein the defense that the money was the proceeds of an insurance policy on household goods, and therefore exempt, was pleaded, and therefore a judgment based on that defense was wholly unsupported by the pleadings, and could not be upheld. Hall v. Jackson, 3 Tex. 305; Pinchain v. Collard, 13 Tex. 333; Galveston & W. Ry. Co. v. Galveston Electric Co., 58 Tex. Civ. App. 427, 123 S. W. 1140; Hamilton v. Eiland (Tex. Civ. App.) 181 S. W. 260; Osvald v. Williams (Tex. Civ. App.) 169 S. W. 185; Modern Woodmen of America v. Yanowsky (Tex. Civ. App.) 187 S. W. 728; Benson v. Ashford (Tex. Civ. App.) 189 S. W. 1093.

[2, 3] The allowance of amendments to pleading is within the discretion of the court, but that discretion should never be exercised in such manner as to defeat justice, and we think the court was in error in denying appellee leave to amend its answer before it had announced ready. Boren v. Billington, 82 Tex. 137, 18 S. W. 101; Shelton v. Berry, 19 Tex. 154, 70 Am. Dec. 326.

[4] If the requested pleading had been filed as asked by appellee, then the evidence as to whether or not the money in the bank was the proceeds of the insurance policy on the household goods would have been material, and it would then have been proper to submit to the jury special issues Nos. 3 and 4, while, under the condition of the pleadings, their submission was erroneous.

There are several other assignments of error, but we think a discussion of the above is all that is necessary to a proper disposition of the case.

There being no pleadings to support the judgment rendered, the case is hereby reversed and remanded.