## FIRST NAT. BANK OF BURKBURNETT v. FRIEND et al. (No. 12194.)

Court of Civil Appeals of Texas. Fort Worth. Oct. 26, 1929.

R. S. Ragsdale, of Burkburnett, for appellant.

Harris & Martin, of Wichita Falls, and Seay, Seay, Malone & Lipscomb, of Dàllas, for appellees.

DUNKLIN, J. As shown by agreement of counsel on file, the only question presented here is whether or not the plaintiff, First National Bank of Burkburnett, has the right to subject the surrender value of a life insurance policy now held by E. M. Friend in the Manhattan Life Insurance Company, garnishee, to the payment of a money judgment now held by the plaintiff against E. M. Friend, the judgment of the trial court having denied plaintiff that relief, and from which judgment the bank has prosecuted this appeal.

The policy was issued to E. M. Friend, and was made payable to Collinsworth Friend, his wife, or, in case of her previous death, then to the executor, administrator, or assigns of E. M. Friend.

At the time the writ of garnishment was served, according to the stipulations contained in the policy, E. M. Friend was given the option to continue or surrender the policy under any one of the following provisions:

"1. To continue this policy as a paid up annual dividend policy and withdraw in cash the said dividend;

"2. Or to continue this policy as a paid up annual dividend policy and to apply the said dividend to purchase an annuity for life;

"3. Or to continue this policy as a paid up annual dividend policy and apply the said dividend to the purchase of additional paid up insurance (if satisfactory evidence of good health is furnished).

"4. Or to surrender this policy to the company on that day of its entire reserve value according to the American Table of Mortality at 3% interest, to wit, the sum of five hundred and thirty four dollars and in addition thereto the said dividend;

"5. Or to surrender this policy to the company on that day and apply the entire reserve and the said dividend to the purchase of an annuity for life."

It is agreed that, at the time the writ of garnishment was served, the policy was then outstanding and in full force and effect, and that neither E. M. Friend nor his wife, Collinsworth Friend, had exercised any of the optional rights given in said policy, and that at that time the policy had a surrender value of $577, under and by virtue of option No. 4, quoted above. According to the agreement of the parties, the only question presented here is whether or not that surrender value of the policy was subject to the writ of garnishment.

Under the provisions of articles 4089 and 4091, Rev. Civ. Statutes of 1925, judgment may be rendered subjecting effects belonging to the defendant in the original suit and in the hands of the garnishee, or shares of stock issued by the garnishee, if it is an incorporated or joint-stock company, but neither of those provisions apply in this case.

No other judgment can be rendered against the garnishee except under the provisions of article 4088 of the statutes, and plaintiffs' claim of right to the relief sought was based solely upon those provisions; no contention being made by the garnishee that the writ of garnishment had not been properly sued out in accordance with the provisions of other articles of the statutes. Under the provisions of article 4088, plaintiff in garnishment may be awarded a judgment against the garnishee whenever it is shown that the garnishee is *indebted* to the defendant in the original case.

We shall not undertake to review the many decisions of the courts of other states cited by appellant to sustain its contention that the court erred in refusing to grant the relief sought in this case, some of which at least might be distinguished from the case at bar by reason of statutes substantially different from the statutes in this state. It is elementary that in suits such as this the right to subject indebtedness or assets owing or belonging to the original defendant and in the hands of the garnishee to the payment of a debt or judgment due the plaintiff from such original defendant is given solely by the statutes, and is not governed by the principles either of common law or equity.

It is also well settled that, in order to hold the garnishee liable for any indebtedness which he may owe to the original defendant, such indebtedness must be due, and must be certain and unconditional.

In Willis y. Heath, 75 Tex. 124, 12 S. W. 971, 16 Am. St. Rep. 876, it is held that the maker of a negotiable promissory note cannot be subjected to the payment of the same under a writ of garnishment before maturity. To the same effect is Blankenship & Blake Co. v. Moore (Tex. App.) 16 S. W. 780; Grace v. Koch, 1 White & W. Civ. Cas. Ct. App. § 1065.

Furthermore, the following authorities are to the effect that the cash surrender value of an insurance policy cannot be reached by writ of garnishment when the insured has the option to accept the same or to exercise such other options as are given in the policy in controversy, before he has exercised the option to claim such surrender value: Isaac Van Dyke Co. v. Moll, 241 Mich. 255, 217 N. W. 29, 57 A. L. R. 692; F. & M. Bank v. Nat'l Life Ins. Co., 161 Ga. 793, 131 S. E. 904, 44 A. L. R. 1184; Columbia Bank v. Equitable

Life Assur. Soc., 79 App. Div. 601, 80 N. Y. S. 428; Chelsea Exchange Bank v. Travelers' Ins. Co., 173 App. Div. 829, 160 N. Y. S. 225.

And it may be noted here that, according to the provisions of the policy in controversy, the contract was to be governed by the laws of the state of New York. While the laws of the state of New York were not pleaded in this case, and therefore the laws of that state are presumed to be the same as the laws of this state, yet we believe the New York decisions cited are persuasive, in that they are in accord with the provisions of our statutes in garnishment and with the principles announced by our own courts in the cases cited above.

The rights of the parties to this suit accrued before the passage of the act of the Legislature, shown on page 78, Acts of Second Called Session of Forty-First Legislature (1929), exempting from the enforced payment of debts the cash surrender value of a life insurance policy if any member of the family of the insured is a beneficiary of the policy. Hence the provisions of that act are not applicable here; nor have appellees invoked its aid in their defense to appellant's suit.

Accordingly, we have reached the conclusion that there was no error in the judgment of the trial court denying plaintiff any relief, and therefore that judgment is affirmed.