PAUL B. SORENSON V. CITY NATIONAL BANK, GARNISHEE.

No. 5889.   Decided May 16, 1932.
(49 S. W., 2d Series, 718.)

*Eward J. Hamner,* of Sweetwater, for appellant.

On the question of excessive attorney's fee cites Ligon v. Greenwall, 1 S. W. (2d) 325, 14 S. W. (2d) 829; American Natl. Ins. Co. v. Blalock, 200 S. W., 185; Massachusetts B. & I. Co. v. Worthy, 9 S. W. (2d) 388.

On the question of whether the proceeds of the fire insurance policy, deposited in the name of the wife was separate property: Sonnenthiel v. Christian Morelein Brewing Co., 172 U. S., 401; Mills v. Mills, 228 S. W., 919, 111 Texas, 265, 231 S. W., 697; Clem v. Fulgham, 14 S. W. (2d) 812; Spencer v. Pettit, 2 S. W. (2d) 425; Jopling v. Caldwell, 292 S. W., 959; Jarecki v. Hinds, 295 S. W., 274; Hulshizer v. First State Bank, 207 S. W., 584.

On the question of waiver of exception filed by Wallace: Zeno v. Adoue, 117 S. W., 1039; Russell v. Hamilton, 174 S. W., 705; Alvord Natl. Bank v. Ferguson, 59 Texas Civ. App., 113, 126 S. W., 622; Hawley v. Whitaker, 33 S. W., 688; Conner v. Hawkins, 64 Texas, 544.

*Woodruff & Neblett, Douthit, Mays & Perkins,* all of Sweetwater, for appellee.

On the question of the money being the separate property of the wife as a gift from her husband:   Guaranty State Bank v. Shirey, 258 S. W., 1109; Richardson v. Hutchins, 3 S. W.,

276; Atlanta Natl. Bank v. Map, 261 S. W., 191; 30 C. J., 702; 12 R. C. L., 971.

On the question of garnishee bank being entitled to attorney's fees: Eastham Bros. v. Blanchette, 94 S. W., 441; Ingram v. Summers, 29 S. W. (2d) 447; Maury v. McDonald, 118 S. W., 812; Mayer v. Templeton, 53 S. W., 68; Banks v. House, 50 S. W., 1022, 93 Texas, 58, 53 S. W., 338; Johnson v. Blanks, 68 Texas, 495, 4 S. W., 557.

On the question of the proceeds of the insurance on the homestead being exempt: Cases cited in Sorenson v. City Natl. Bank, 293 S. W., 638; Missouri Pac. Ry. Co. v. Whipsker, 77 Texas, 14, 13 S. W., 639; Smith v. Security Inv. Co., 16 S. W. (2d) 926.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

The case is before us on certified questions from the Court of Civil Appeals for the Eleventh District at Eastland. The certificate is as follows:

"In the above case Paul B. Sorenson sued J. H. Wallace in Justice Court and at the same time sued out writ of garnishment to City National Bank of Sweetwater. The garnishee in due time answered that it was not indebted to said Wallace and had no effects in its possession belonging to him. Upon a contest of garnishee's answer Sorenson asserted and tendered as an issue that a certain sum on deposit in the bank in the name of Mrs. J. H. Wallace, wife of defendant J. H. Wallace, was the community property of Wallace and wife "derived from the proceeds of an insurance policy covering a loss by fire of community property" and subject to the debt of plaintiff, of which facts and the further fact that plaintiff sought by the garnishment to reach and hold said fund, the bank had actual notice before it filed its answer. Judgment was for plaintiff in the main suit for $154.85, and against the garnishee in the garnishment suit for the same amount. The garnishee appealed to the county court. There the case has been tried a number of times, two appeals from former judgments therein having heretofore been disposed of in courts of civil appeals. See Sorenson v. City National Bank, 273 S. W., 638; Sorenson v. City National Bank, 293 S. W., 638.

"The one ultimate issue of fact tendered by plaintiff and duly joined by the pleadings was, of course, whether garnishee was indebted to J. H. Wallace. Actually this issue was apparently by consent of the parties made to depend upon the

existence or not of three evidentiary though conclusive facts; namely, (1st) Was the fund of $879.87 on deposit in the name of Mrs. J. H. Wallace, her separate property by reason of being the proceeds of insurance upon her separate property destroyed by fire? (2nd) Was said fund community property of J. H. Wallace and wife by reason of being proceeds of insurance upon community property of said Wallace and wife? (3rd) Was said fund the separate property of Mrs. J. H. Wallace by reason of being a gift thereof from her husband at the time of deposit, even if same was the proceeds of insurance on community property of Wallace and wife? Two other ultimate issues were tendered by garnishee. One was that, even if the fund was community property of Wallace and wife, it was exempt from garnishment by reason of same being the proceeds of insurance upon the homestead and household goods of said J. H. Wallace and wife. The other was the reasonableness in amount of attorney's fees to be allowed the garnishee.

"The jury returned a verdict in favor of the garnishee, in response to a peremptory instruction to do so, and also found, in answer to a special issue submitted, that $200.00 was a reasonable attorney's fee for the garnishee. The appeal is by the plaintiff from a judgment in favor of garnishee rendered upon that verdict.

"Following the original submission of the case this court rendered an opinion reforming the judgment in one respect and as reformed affirming the judgment of the trial court, a copy of which opinion accompanies this certificate.

"Appellant has filed a motion for rehearing, in response to which we have prepared but have not delivered a further opinion overruling the motion, a copy of which also accompanies this certificate.

"In deference, however, to the learning and ability of appellants' counsel, and the earnestness with which it is insisted that we are in conflict with opinions of the Supreme Court and other courts of civil appeals, and further, because of the importance of the question of attorney's fees, which does not appear to have been so definitely and squarely settled by the Supreme Court as to foreclose further argument, and in further view of the fact that our decision cannot be reviewed by writ of error, we have determined, instead of the action indicated by the said opinion on rehearing, to certify for your decision the following questions:

"*First:* Did the trial court err in refusing to give a judgment *nil dicit* in favor of plaintiff and against the defendant,

J. H. Wallace, determining as against both said Wallace and the garnishee the issue of the waiver of exemption?

"*Second:* After Wallace was, by order of court, permitted to withdraw his appearance and all pleadings filed by him, and was thereupon dismissed from the case, were there remaining any pleadings in the case joining an issue between plaintiff and garnishee of the waiver of exemption of the fund in question?

"*Third:* Where a garnishee, after service of garnishment, having the opportunity to implead the judgment debtor and another claimant of a fund, and to hold or tender such fund to abide the result of the suit, fails to implead such parties and voluntarily pays the same to the claimant other than the judgment debtor, with knowledge of a contention on the part of plaintiff that the fund is subject to the garnishment, and said garnishee thereafter, as an interested partisan, litigates its liability upon the ground, among others, that the fund is exempt and prevails in the suit, is such garnishee entitled to recover attorney's fees for services of attorneys over and above a reasonable fee for answering and impleading the judgment debtor and other claimants?

"*Fourth:* If not, has the court the power or discretion to adjudge recovery in favor of the garnishee of a reasonable attorney's fee to cover only the expense of preparing and filing an answer, such answer not disclosing the garnishee's partisan attitude?

"The record will disclose that this case, although involving about $154.00, is in the Court of Civil Appeals for the third time, and has several times been tried in the lower courts, and to the end that it may be properly and conclusively determined by your answers to the foregoing questions, we respectfully refer the court to the entire record in the case, which accompanies this certificate and is intended to be made a part thereof."

Simply stated the facts of this case are as follows:

On July 17th, 1922, J. H. Wallace and wife resided in Sweetwater, Nolan County, Texas, where they owned and occupied a homestead which stood in the name of the husband. On the above date the dwelling house, and household goods therein contained, burned. The house and household goods were insured against loss by fire, the house for $1,250, and the contents for $500. William Wright held a vendor's lien against the home, and the insurance policy contained the usual loss payable clause in his favor. Settlement was made with the insurance company on the dwelling for $1,219.87, and on the contents for

$500. The insurance company paid the loss by draft for the total sum of $1,719.87, payable to J. H. Wallace and William Wright. The draft was carried to the garnishee bank for the purpose of being cashed. J. H. Wallace and his wife, Mrs. J. H. Wallace, were present, as was also Judge Yantis, attorney for, and representing William Wright. The draft was properly endorsed and cashed by the bank. Judge Yantis was paid the amount due Wright on his lien, and the balance of the money, $969.87, was passed to the credit of Mrs. J. H. Wallace. At the time this money was deposited to Mrs. Wallace's credit both she and her husband were present, and the bank received instructions to so deposit the money, and further received instructions that it was deposited subject to Mrs. Wallace's exclusive control and check. In other words the testimony is conclusive that the money was deposited to the credit of the wife, in her name, and with the then instruction that it was subject to her exclusive control and check. The husband was present and legally acquiesced in and agreed to this.

On September 1st, 1922, Sorenson filed suit in the Justice's Court, Precinct No. 1, Nolan County, Texas, against J. H. Wallace on a sworn. account amounting to $154.85. At the same time the suit was filed, and ancillary thereto, affidavit bond in garnishment was filed, and writ of garnishment was immediately thereafter issued and served on the bank. At the time the writ was served the bank was orally notified that the funds sought to be reached was the above insurance money on deposit in the name of Mrs. J. H. Wallace which Sorenson claimed was community funds of J. H. Wallace and his wife. In this connection we call attention, however, to the fact that Mrs. Wallace was nowhere named a party to the garnishment proceeding, nor was she named a party in the writ. At the time the writ was served there remained in the bank to the credit of Mrs. Wallace $879.87, all the proceeds of the above insurance policy.

After the writ was served on it, the bank paid out the above fund by honoring checks drawn on it by Mrs. J. H. Wallace; the last of such fund being paid on October 26, 1922. Prior to such last mentioned date Sorenson took final judgment in the justice's court against J. H. Wallace on his debt of $154.85.

The bank answered the writ of garnishment in the justice's court to the effect that it was not indebted to J. H. Wallace, and had no effects belonging to him in its possession. The answer was traversed by Sorenson; and issues were made in

484

the justice's court in which it was contended by the bank that the fund was the separate property of Mrs. Wallace, and contended by Sorenson that it was community property.

On final trial in the justice's court the bank lost, and judgment was entered against it for Sorenson. The bank, appealed to the county court where several new issues were made and several trials had. Also the case has twice before been to the Court of Civil Appeals. 273 S. W., 638, 293 S. W., 638. This is the third appeal.

OPINION.

■ While the case was pending in the county court and after the bank had tendered the additional issue that the fund was exempt, J. H. Wallace filed an instrument waiving his exemption. This waiver was filed long after the money had been paid out by the bank on checks drawn by the wife under the circumstances above detailed. Later this waiver was withdrawn by J. H. Wallace with the approval of the court over the objection of Sorenson. Sorenson urges certain assignments relating to the power of J. H. Wallace to withdraw this waiver. It being contended by him that Wallace having once filed the waiver he could not withdraw it. This might raise a serious question if we were litigating rights between Sorenson and J. H. Wallace; but such is not the case here. Certainly Wallace could not alter the bank's rights by filing a waiver of exemption in the money after the bank had paid it out on demand of the wife by honoring her checks under the circumstances above detailed. In such event the rights of the bank became fixed when it paid out the money. It follows that the waiver of exemption filed by Wallace could not affect the issue of this litigation whether it remain on file or be withdrawn. If the money was exempt, and it was, or if it was the separate property of the wife, and it was, then both such rights were legally asserted by the Wallaces when payment of the fund was demanded by the drawing of the aforesaid checks thereon, and when the bank honored such checks it did not do so as a volunteer. It follows that when the bank paid such checks it became subrogated to the rights of the Wallaces, and such rights could not be destroyed by J. H. Wallace filing a waiver of exemption after the money was paid out under the circumstances above.

■ As shown by the statement we have made, this fund was the proceeds of a fire insurance policy on the homestead and its

contents. Six months had not elapsed since its receipt at the time the garnishment was served. Of course the proceeds of the homestead was therefore exempt from execution. It is also the law that the proceeds of a fire insurance policy on the exempt household furniture are exempt for a reasonable time. Only a few days had elapsed between the deposit of the money in the bank, and the service of the garnishment writ. In fact, the money was deposited on August 22, 1922, and the garnishment was served about nine days later. In law this was a reasonable time. It follows that the entire fund· was exempt at the time the garnishment was served.

A careful examination of this record convinces us that the fund here sought to be subjected to execution was also ˙ the separate and individual property of the wife at the time the writ of garnishment was served, and at the time it was paid out by the bank on checks of the wife. Article 4614-16-22, R. C. S., 1925; 30 C. J., 702.

■ For the purpose of this opinion we will treat the draft, the proceeds of which formed the bank deposit in question here, as the community property of J. H. Wallace and his wife. As above shown such proceeds were exempt from execution. The husband therefore had a perfect right to give it to the wife without committing any fraud against his creditors. The undisputed record shows that the husband and wife went together to the bank where the money was deposited in the wife's name subject to her exclusive control and check. After the deposit was made no one but the wife ever attempted to exercise any control over it. Under the provisions of Article 4622, supra, the fact that the money was deposited in the wife's·name under the circumstances above detailed, made it presumptively her property, and we find absolutely no evidence in the record even remotely tending to rebut such presumption. It seems to be the contention of Sorenson that proof that the deposit was the proceeds of insurance on community property tends to rebut this presumption. We do not think it does, but on the other hand we think the uncontroverted evidence above detailed shows in law a gift from the husband to the wife. 30 C. J., 702. Of course we do not intend to hold that under Article 4622, supra, the mere fact that the money was deposited by the husband or with his consent to the wife's credit in the bank created an unrebuttable presumption that he was making her a gift thereof, nor do we intend to hold that the fact that the money was found on deposit in the bank in the wife's name created

any such unrebuttal presumption. What we do hold is that the facts of this case show prima facie, as a matter of law, a gift of this money by the husband to the wife, and there is absolutely no evidence in the record tending to rebut such presumption unless it could be said that the fact that the fund came from the proceeds of insurance on community property and the husband had unpaid creditors at the time does so. We do not think such facts would tend to rebut the presumption in this instance, because as above shown, the money was exempt from execution, and no fraud against creditors was committed.

■ From what we have said it is evident that we hold that the trial court correctly ruled in giving a peremptory instruction for the bank as to the issue of its liability to Sorenson. This brings us to the issue of attorney's fee. In order to determine that question we must interpret and construe Article 4100, R. C. S., 1925, in the light of the record. The article mentioned reads as follows:

"Where the granishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this chapter; where the answer is contested, the costs shall abide the issue of such contest."

■ The above statutory provision for allowance of "reaonable compensation" to the garnishee who is discharged in garnishment certainly entitles this bank to be reimbursed for such sums of money as it was reasonably required to expend in protecting its interest in this suit. This includes a reasonable attorney's fee. Johnson & Co. v. Blanks, 68 Texas, 495, 4 S. W., 557; Moody v. Carroll, 71 Texas, 148, 8 S. W., 510; Willis v. Heath, 75 Texas, 124, 12 S. W., 971; Berry Bros. v. Davis, 77 Texas, 191, 13 S. W., 978; Curtis v. Ford, 78 Texas, 262, 14 S. W., 614; Carter Bros. v. Bush, 79 Texas, 29, 15 S. W., 167.

The record in this case shows that it has been tried once in the justice's court, and at least three times in the county court. Furthermore, this is the third appeal to the Court of Civil Appeals. The record is fairly voluminous; for instance the transcript contains about 200 pages, and the briefs on both sides are well prepared and exhaustive. The jury found a fee of $200 would be a reasonable amount for representing the

bank throughout this litigation, and the trial court entered judgment for such fee.

It is contended by Sorenson that this fee is excessive, and this contention was sustained by the Court of Civil Appeals. The judgment of the Court of Civil Appeals is final as to that question and we are without jurisdiction to disturb it. In holding the fee excessive the Court of Civil Appeals seems to have done so, not on the theory that a fee of $200 is too much to pay an attorney, or firm of attorneys, for representing the bank in this litigation, but on the theory that the bank has gone out of its way and engaged in personal litigation with Sorenson. We disagree with the Court of Civil Appeals as to that holding. It is true that the bank had the right to pursue one of two courses. It could have refused to pay out the money after garnishment was served on it, made the Wallaces parties to the garnishment suit, and assumed the position of a stakeholder. In fact we are inclined to the view that perhaps such would have been the safer thing for the bank to have done. On the other hand if the money on hand belonged to Mrs. Wallace, and we hold such to be the case, or if it was exempt and the Wallaces demanded payment, and we hold they did, the bank had a perfect right to pay it out under the circumstances here involved, as it was not subject to garnishment in either event for this debt. Furthermore, the mere fact that Sorenson had notified the bank that he was claiming the money was subject to the husband's debt would not alter the case. Of course, the bank took the risk in paying out the money, but if it belonged to Mrs. Wallace, or was exempt it rightfully did so. It follows that having acted rightfully in the matter the bank has the right to defend the garnishment proceedings, together with its action in the premises, and recover its costs, including a reasonable attorney's fee. In other words, if the bank had two perfectly legal courses which it had a right to pursue, it was not in law or equity bound to pursue the course that would inure to the least expense to Sorenson who was wrongfully attempting to subject the fund to his judgment against J. H. Wallace.

We recommend that this opinion be certified as an answer to all of the questions propounded by the Court of Civil Appeals.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. Cureton, Chief Justice.