Chandler & Chandler, of Stephenville, for appellants.

J. A. Johnson, of Stephenville, for appellee.

**TRIMBLE et al. v. STEPHENVILLE STATE BANK.**

**No. 1553.**

Court of Civil Appeals of Texas. Eastland.

June 12, 1936.

Rehearing Denied Sept. 18, 1936.

FUNDERBURK, Justice.

Mrs. E. W. Trimble, joined by her husband, E. W. Trimble, brought this suit against the Stephenville State Bank to recover $299.93 of a bank deposit theretofore .made in the name of said Mrs. E. W. Trimble. Defendant bank had paid out a like sum of money upon checks drawn on it and signed by Palace Market by E. W. Trimble, which had been charged to Mrs. Trimble's account:

The defendant specially pleaded estoppel consisting of a course of dealing, by which it was averred the defendant had the right to believe, and did believe, that E. W. Trimble was authorized to check against said account.

The case was submitted to a jury upon special issues. By the verdict it was found: (1) That on or about November 1, 1931, plaintiff Mrs. E. W. Trimble had to her credit in defendant bank $299.93; (2) that in the month of October or November, 1931, defendant bank charged to the account of plaintiff checks of the Palace Market to the amount of $299.93; (3) that the defendant had not paid said sum of $299.93 to plaintiff; (4) that the money deposited to the credit of Mrs. Trimble was the community property of herself and husband; (5) that E. W. Trimble, the husband, authorized the bank to charge the checks in question against the account carried in the name of Mrs.

E. W. Trimble; (6) that the course of dealing between Mrs. E. W. Trimble and defendant bank was such as to lead a reasonably prudent person to believe that E. W. Trimble had the right to have the checks in question paid with the account in Mrs. Trimble's name; (7) that the officers of defendant bank did believe at the time they cashed the checks in question that E. W. Trimble had the right to have such checks paid with the account in the name of Mrs. E. W. Trimble.

From the judgment rendered and entered upon said verdict in favor of the defendant, the plaintiff has appealed.

■ Although plaintiff's entire motion for new trial is set out in the brief as the asssignments of error, only four assignments are briefed. All others are therefore waived. As a matter of proper practice, only such assignments of error should be incorporated in the brief as are relied upon. Rule 32, for Courts of Civil Appeals (230 S.W. vii).

Plaintiff requested a peremptory instruction; made a motion to suppress the answers of the jury to the special issues, and also a motion for judgment notwithstanding the verdict of the jury; all of which were overruled.

It is first contended that the court erred in refusing the requested peremptory instruction, and next that the court erred in overruling plaintiff's exception to the court's charge referring to special issue No. 6, because same was without any support in the pleading, and there was no sufficient evidence in the case which could lead a reasonably prudent person to believe that E. W. Trimble had the right to have the checks of the Palace Market paid with the account of Mrs. E. W. Trimble.

■ By R.S.1925, art. 4622, the deposit in question, considered as a "fund," being in the name of the wife was presumed to be her separate property. Unless "notified to the contrary," the defendant bank was required to "be governed accordingly in honoring checks and orders against such account." Id. The deposit being general and not special, the title· to the money deposited passed to the bank, and the property right remaining in the depositor was a debt due her as a creditor of the bank payable upon her proper check or order. The finding of the jury, in answer to one of the special issues, that the money deposited in said account was community property, was inconclusive of any real issue in the case. Granted that the money was community property, it does not follow, necessarily, that the debt due the depositor was community property. "A gift from husband to wife will be presumed where he makes a bank deposit in her name." 30 C.J. 702, § 298; Sorenson v. City Nat. Bank, 121 Tex. 478, 479, 49 S.W.(2d) 718; Teague v. Fairchild (Tex.Com.App.) 15 S.W.(2d) 585. The Trimbles, husband and wife, testified that the several deposits making up the account consisted of the personal earnings of Mrs. Trimble as a school teacher and replacements in the fund made by Mr. Trimble of moneys withdrawn for his personal uses on checks signed "Mrs. E. W. Trimble by E. W. Trimble." (There was one check out of a great number signed only "E. W. Trimble.") There was no evidence tending to show that such testimony was not true. The defendant had the burden of showing the facts to create the estoppel alleged.

■ We doubt if the answer of the defendant bank tendered any issue of the implied authority of E. W. Trimble to have the checks of the Palace Market charged to the deposit of Mrs. Trimble. "Implied authority" is actual authority as certainly so as express authority. Continental Oil Co. v. ·Baxter (Tex.Civ.App.) 59 S.W.(2d) 463. When implied authority of an agent exists, there is no occasion to have recourse to an estoppel, or what is the same thing, "apparent or ostensible authority." Id. There is therefore in a sense an inconsistency between a plea of actual authority (express or implied) and an estoppel, or apparent or ostensible authority. The defendant's answer contained no alternative pleas. Estoppel was certainly pleaded, and we therefore think the proper construction of the pleading is that only the defense of estoppel was averred. At any rate, we feel sure that if, as contradistinguished from estoppel, an issue of implied authority was joined, it was not established conclusively as a matter of law in favor of the defendant, and no special issue thereon having been submitted or requested, it was waived. Miller v. Fenner, Beane & Ungerleider (Tex.Civ.App.) 89 S.W.(2d) 506; Jack Harris v. Thornton's Dept. Store (Tex.Civ.App.) 94 S.W.(2d) 849.

The real question presented is whether the evidence raised the issue of estoppel based upon the course of dealing between the parties. We think it a fair statement of the effect of the evidence to say that the only fact, if any, upon which the finding of estoppel may rest, is the fact that with the knowledge and consent of Mrs. Trimble, her husband had been checking on the account for money for his personal uses, signing the checks as before stated, with the single exception mentioned. Would that fact justify the officers of the defendant bank in believing that Mr. Trimble had the authority to have the checks of a third party charged to said deposit? There would be no question, perhaps, that such a course of dealing would estop Mrs. Trimble to claim that her husband had no authority to check out the money for his personal uses in the way he had been doing. A very different question, however, is presented. The estoppel, if any, was based upon acquiescence. The principle of law involved is stated as follows: "No estoppel arises by acquiescence in acts other than or different from the acts which the party claiming the estoppel alleges that he is entitled to commit by reason of the estoppel. * * * In no event can the estoppel be extended beyond the natural and reasonable import of the acts or conduct relied on to create the estoppel." 21 C.J. 1218, § 222. The same principle applies when a question of ratification is involved. Bank of Deer Lodge v. Hope Mining Co., 3 Mont. 146, 35 Am. Rep. 458. We think as a matter of law the acquiescence of Mrs. Trimble in the custom of her husband to check against the deposit in his wife's name for his own personal uses does not estop her to question his authority to charge the checks of a third person against her account. No issue of fact was therefore raised of the right of the bank in the absence of implied authority to believe that the husband had the authority in question. Aside from that, the rights of the depositor are not affected by what the officers and agents of the bank may have believed, or by what a reasonably prudent person under the circumstances would have believed. In the absence of the express or implied authority of the husband to charge the checks of a third person drawn on such third person's account to the deposit of his wife, the latter must have made representations, or so acted as to have im-

plied representations, to the effect that her husband had authority to do what he did so that it would be inequitable and unjust for her to deny that he had such authority. There is, we think, a total want of evidence to show such a situation.

We are therefore of the opinion that the court erred in overruling the motion for a peremptory instruction, and failing that, in not rendering judgment for the plaintiff notwithstanding the verdict; that said judgment should be reversed and judgment rendered for the plaintiff that she have and recover of the defendant the sum of $299.93 with interest from the date of the judgment below at the rate of 6 per cent. per annum; and it is accordingly so ordered.