Billy Winn MORRIS, Sr., Appellant,

v.

Carol Craig MORRIS, Appellee.

No. 5114.

Court of Civil Appeals of Texas, Waco.

April 27, 1972.

Andress & Woodgate (Wm. Andress, Jr.), Dallas, for appellant.

Claude R. Miller Law Offices (Cooper Blankenship), Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Billy Morris from judgment divesting him of title to a house and lot, and vesting title to same in plaintiff Carol Morris.

The parties were divorced on May 1, 1970. Later that same day they made and signed a written agreement by which: 1) Billy Morris was to pay Carol Morris $88,000, in installments over 70 months, in settlement of all claims against the community or separate estate of Billy Morris. 2) Carol Morris was to (and did) convey by warranty deed the real property at 1512 Bella Vista, Dallas, Texas (the property here involved) to Billy Morris, "it being the understanding and agreement" that Billy Morris will hold the legal title as nominee for the benefit of Carol Morris, and "reconvey by warranty deed the said property" within 30 days after written request by Carol Morris for him to do so. (Carol Morris was to pay all maintenance, taxes and mortgage payments on the property).

Billy paid $7000. on the $88,000. after which he ceased to pay. Carol made written demand for Billy to convey the property to her in accordance with the agreement, but he did not do so.

Thereafter plaintiff sued defendant for $81,000. and for title to the property. Defendant answered by general denial, and

further plead the deed from plaintiff to defendant "was executed by plaintiff to shield said property from the just claims of third-party creditors and in fraud of third-party creditors", and prayed that plaintiff take nothing.

Trial was before the court, after which judgment was rendered for plaintiff for $81,000; and terminating defendant's title to the property, and vesting title to same in plaintiff.

The trial court filed Findings of Fact, finding among other things:

8) At the time the agreement was signed by the parties the real property described therein was the homestead of plaintiff and the four minor children of plaintiff and defendant.

12) Defendant failed to prove there was any fraud connected with the executing of the agreement at the time it was signed.

13) Defendant failed to sustain his burden of proof that at the time the agreement was signed by plaintiff and defendant it was executed in fraud of creditors or third parties.

Defendant appeals only the portion of the judgment vesting title to the real estate in plaintiff, and contends:

1) There is no evidence to sustain the trial court's findings 12 and 13, that plaintiff's conveyances to defendant was not given with intent to defraud creditors.

2) Plaintiff having deeded the property to defendant with intent to defraud creditors cannot require reconveyance, and the courts will leave the parties where it finds them.

3) There is no evidence to sustain the trial court's finding 8, that the property was homestead.

Plaintiff and defendant were divorced on May 1, 1970. They made a property agreement following the divorce by which defendant was to pay plaintiff certain money; and plaintiff was to and did deed the property here involved to defendant, to be held in trust for plaintiff, and to be reconveyed to plaintiff upon her written request. Defendant did not pay the money, and refused to reconvey the property. Defendant asserts the property was conveyed to him by plaintiff in fraud of her creditors, for which reason he gets to keep the property.

The trial court found defendant failed to prove plaintiff conveyed the property to him in fraud of creditors, and that the property was the homestead of plaintiff and her children.

■ Without detailing the evidence we hold that the trial court was authorized to believe that plaintiff did not convey defendant the property in fraud of creditors, and that the evidence is ample to sustain the trial court's findings 12 and 13; but this is not the sole basis of our disposition.

■ The trial court found in finding 8 that at the time of the agreement the property was the homestead of plaintiff and the four minor children of plaintiff and defendant. The judgment of divorce, approved by defendant, recites in three places the property was homestead. Plaintiff and the four minor children lived on the property since the divorce; prior to the divorce the parties and the children lived on the property for some 13 years, and the parties owned the property as their home. There is ample evidence to support the trial court's finding the property was the homestead of plaintiff and her children.

■ It is well settled that a conveyance of exempt property may not be attacked on the ground that it was made in fraud of creditors Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801; Sorenson v. City Nat. Bank, 121 Tex. 478, 49 S.W.2d

718; Crow v. First Nat. Bank of Whitney, Tex.Civ.App., Er.Ref., 64 S.W.2d 377.

The judgment is correct. Defendant's points are overruled.

Affirmed.