**AFFIRM; and Opinion Filed July 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01523-CV

**BBP SUB I LP, Appellant**
**V.**
**JOHN DI TUCCI, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-13991-A**

## MEMORANDUM OPINION
Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Fillmore

Appellant BBP Sub I LP (BBP) appeals the trial court's amended summary judgment awarding appellee John DiTucci (DiTucci) attorney's fees pursuant to the Texas Theft Liability Act (TTLA). We affirm the trial court's judgment.

### Background

In July 2010, BBP entered into an agreement to lease commercial real property in Austin, Texas to U.S. Courier and Logistics, L.P. (USC). The lease commenced on September 1, 2010, and the term of the lease was seventy-two months. DiTucci signed the lease agreement in his representative capacity as the manager of USC's general partner. The agreement provided for a landlord's lien on, and security interest in, all property, including fixtures, equipment, and chattels, owned by USC that were placed or used on the premises. In December 2010, Timeline Logistics, Inc. (Timeline) acquired USC. According to BBP, it was informed in September 2011

that USC/Timeline had no intention of occupying the premises after October 1, 2011, and all of USC's personal property was removed from the premises before the lease was terminated.

BBP sued USC, Timeline, and DiTucci asserting several causes of action, including an alleged violation of the TTLA relating to the removal of USC's personal property from the premises. DiTucci filed a counterclaim against BBP for attorney's fees under section 134.005 of the TTLA. Section 134.005(b) of the TTLA provides that "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." *See* TEX. CIV. PRAC. & REM. CODE § 134.005(b) (West 2011).

DiTucci filed a traditional motion for summary judgment on all claims asserted against him by BBP and for recovery of his attorney's fees under section 134.005 of the TTLA. Four days later, BBP filed an amended petition omitting its cause of action for violation of the TTLA. BBP filed a response to DeTucci's motion for summary judgment, in which it contended that its first amended petition had the effect of a nonsuit without prejudice of its TTLA claim, and DiTucci's counterclaim for attorney's fees was moot because the TTLA claim "no longer exist[ed]." DiTucci filed an amended motion for summary judgment, and asserted that he was the prevailing party under the TTLA and thus entitled to his attorney's fees. The trial court granted DiTucci's motion for summary judgment, but reserved the issue of attorney's fees for a later hearing. After a hearing on DiTucci's claim for attorney's fees under section 134.005 of the TTLA, the trial court signed an order awarding DiTucci his attorney's fees. BBP appealed that order.

At the time BBP appealed the order awarding DiTucci his attorney's fees, the order was interlocutory because a final judgment had not been entered in the case. BBP's notice of appeal stated that "[b]ecause the challenged order is interlocutory and cannot be appealed until final judgment is granted, this Notice of Appeal shall become effective on the day that final judgment

is signed in this lawsuit per [Texas Rule of Appellate Procedure] 27.1(a)." Because the appellate record did not reflect that the judgment appealed from had become final, we requested a supplemental clerk's record in the proceeding below.

The clerk filed a supplemental record on July 18, 2014 containing (1) a November 28, 2012 Amended Judgment Against U.S. Courier & Logistics, LP. that specifically states it is interlocutory because BBP's causes of action against Timeline Logistics, Inc. remain unresolved, (2) BBP's Notice of Non-Suit Without Prejudice of Timeline Logistics, Inc. filed on April 24, 2013, and (3) an April 25, 2013 Order of Non-Suit Without Prejudice of the lawsuit. The Order of Non-Suit specifically provides that it concludes this lawsuit. Because the record reflects the trial court has made a disposition with respect to all parties and claims in the lawsuit, we have jurisdiction and may now address BBP's complaint on appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (appellate courts only have jurisdiction to review final judgments and certain interlocutor orders identified by statute).

## Discussion

In its sole issue on appeal, BBP argues the trial court erred by awarding DiTucci attorney's fees pursuant to section 134.005(b) of the TTLA because DiTucci was not a "person who prevail[ed]" under the statute. Whether a party is entitled to recover attorney's fees under a particular statute is a question of law. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999) (per curiam) (statutory construction is a question of law) (citing *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989)). We review this issue de novo. *Spector, Gadon & Rosen, P.C. v. Sw. Securities, Inc.*, 372 S.W.3d 244, 248 (Tex. App.—Dallas 2012, no pet.); *Twin City Fire Ins. Co. v. Vega-Garcia*, 223 S.W.3d 762, 766 (Tex. App.—Dallas 2007, no pet.).

Texas follows the "American Rule" with respect to attorney's fees. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009). Under that rule, litigants may

recover attorney's fees only if specifically provided for by statute or contract. *Id.* BBP agrees that the "person who prevails" in a suit under the TTLA is entitled to recover reasonable and necessary attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE § 134.005(b); *see also Bouquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1990) (statutes providing that party "may recover," "shall be awarded," or "is entitled" to attorney's fees are not discretionary). However, BBP asserts that because it voluntarily nonsuited the TTLA claim, DiTucci was not a prevailing party under the TTLA, and therefore was not entitled to recover attorney's fees under that statute.

A plaintiff may nonsuit at any time before introducing all of its evidence other than rebuttal evidence. TEX. R. CIV. P. 162. In civil cases, generally, filing an amended petition that does not include a previously asserted cause of action "effectively nonsuits or voluntarily dismisses the omitted claim" from the moment the amended pleading is filed. *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 632–33 (Tex. 2008). However, an amended petition effectively nonsuiting a claim does not affect a trial court's jurisdiction to address collateral matters, such as a pending claim for affirmative relief or a motion for attorney's fees or sanctions. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010); *see also* TEX. R. CIV. P. 162.

The phrase "person who prevails," as used in section 134.005(b) of the TTLA, is not defined in the TTLA, and no other provision of the Act sheds light on the meaning of the phrase. *See* TEX. CIV. PRAC. & REM. CODE § 134.005(b). In *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011), the Texas Supreme Court construed an attorney's fee provision in a contract to determine whether a defendant was a prevailing party when the plaintiff nonsuited his claims without prejudice. Generally, a defendant would not be considered a prevailing party when the plaintiff nonsuits a claim without prejudice. *Id.* at 869. However, the court took notice of "the disfavor [its] cases have displayed toward nonsuits that are filed to circumvent unfavorable legal

–4–

restrictions or rulings." *Id.* at 870. Accordingly, the court held that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." *Id.* In *Epps*, the court noted that "federal courts have tended to place great weight upon the fact that a plaintiff's nonsuit has followed closely on the heels of a defendant's potentially dispositive motion." *Id.*; *see also Dean v. Riser*, 240 F.3d 505, 511 (5th Cir. 2001) (defendant is not a prevailing party unless the defendant can establish that the plaintiff dismissed its claim in order to escape unfavorable ruling on the merits); *Hilborn v. Klein Indep. Sch. Dist.*, No. H-09-840, 2010 WL 1463472, at *3 (S.D. Tex. Apr. 12, 2010) (defendants were prevailing parties when plaintiff sought dismissal only after the defendants presented uncontested affidavits establishing plaintiff had no viable First Amendment claim); *Butler v. MBNA Tech.*, No. 3:02-CV-1715-H, 2004 WL 389101, at *5 (N.D. Tex. March 1, 2004) (plaintiff nonsuited only after defendants moved for summary judgment, and timing of dismissal indicated it was not motivated by failure to uncover evidence supporting claims in discovery, but instead, suggested was to escape unfavorable judgment).

BBP contends DiTucci is not entitled to recover attorney's fees because he is not a prevailing party under the TTLA. Specifically, BBP argues that because it voluntarily nonsuited the TTLA claim without prejudice, there was no longer a TTLA claim upon which DiTucci could prevail. DiTucci argues that the trial court properly determined that BBP filed its amended petition omitting the TTLA claim to avoid an unfavorable ruling on the merits after he filed his motion for summary judgment, and, therefore, he was entitled to recover his attorney's fees under the TTLA.

BBP filed its amended petition effectively nonsuiting the TTLA claim against DiTucci without prejudice within days after DiTucci filed his motion for summary judgment. Attached to

–5–

DiTucci's motion for summary judgment was DiTucci's affidavit in which he attested he had no control over USC's personal property that was subject of the TTLA claim BBP had asserted. BBP's amended pleading, filed "closely on the heels" of DiTucci's motion for summary judgment, supports an inference that the nonsuit was filed to avoid an unfavorable ruling on the merits. *See Epps*, 351 S.W.3d at 870; *see also Hilborn*, 2010 WL 1463472, at *3 (defendants were prevailing parties when the plaintiff sought dismissal only after the defendants presented uncontested affidavits establishing that the plaintiff had no viable First Amendment claim).

A defendant is entitled to attorney's fees under the TTLA as a "person who prevails" after a plaintiff voluntarily nonsuits without prejudice, if the trial court determines on defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits. *Epps*, 351 S.W. 3d at 869–70. After a hearing on the issue of attorney's fees, the trial court awarded DiTucci attorney's fees under the TTLA. The record reflects that the trial court based its decision on a determination that BBP nonsuited its TTLA claim in order to avoid an unfavorable ruling.[1] During that hearing, BBP acknowledged that there was not a trial on the merits of its TTLA claim because, by nonsuiting that claim, BBP basically cried "Uncle."[2] *See Epps*, 351 S.W.3d at 870. The trial court's implied finding that BBP voluntarily dismissed the TTLA claim to avoid an unfavorable judgment on the merits is supported by the record.

---

[1] At oral submission, BBP argued the trial court made no formal finding that BBP nonsuited its TTLA claim to avoid an unfavorable ruling on the merits. BBP did not raise this argument in its appellate brief. *See* TEX. R. APP. P. 38(h) (appellant's brief must contain clear, concise argument for contentions made, with appropriate citations to authorities to the record). This argument has not been preserved for appellate review. *See Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.).

[2] At the hearing on attorney's fees, the following exchange occurred between the trial court and counsel for BBP:

| Counsel for BBP: | If we had a trial on the merits and there's evidence presented that who [sic] should prevail on the TTLA claim and then there was adjudicated [sic] after that, I would agree that would be the prevailing party. |
| Trial Judge: | Isn't the only reason we didn't have [a trial on the merits of the TTLA claim] is because you, by filing your nonsuit, basically said "Uncle?" |
| Counsel for BBP: | That's exactly right, Judge, but—. |

The TTLA provides that the "person who prevails" is entitled to recover reasonable and necessary attorney's fees. On this record, we conclude the trial court did not err by awarding attorney's fees to DiTucci pursuant to the TTLA because DiTucci was the prevailing party under section 134.005(b) of the TTLA. *See* TEX. CIV. PRAC. & REM. CODE § 134.005(b); *Epps*, 351 S.W.3d at 870. We resolve BBP's sole issue against it and affirm the trial court's judgment.


/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE


121523F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BBP SUB I LP, Appellant

No. 05-12-01523-CV      V.

JOHN DI TUCCI, Appellee

On Appeal from the 14th Judicial District Court, Dallas County, Texas,
Trial Court Cause No. 11-13991-A.
Opinion delivered by Justice Fillmore, Justices Evans and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee John DiTucci recover his costs of this appeal from appellant BBP Sub I LP.

Judgment entered this 29th day of July, 2014.