**SPECTOR GADON & ROSEN, P.C., Appellant,**

v.

**SOUTHWEST SECURITIES, INC., Appellee.**

**No. 05–11–00010–CV.**

Court of Appeals of Texas, Dallas.

June 12, 2012.

Charles William Gameros, Jr., Douglas Wade Carvell, Hoge & Gameros, LLP, Dallas, TX, for Appellant.

Kyle Allen Owens, Hunton & Williams LLP, Will S. Montgomery, William D. Ellerman, Jason P. Reinsch, Minoo M. Sobhani, Jackson Walker L.L.P., Dallas, TX, for Appellee.

Before Justices FITZGERALD, MURPHY, and MALONEY.[1]

1. The Honorable Frances J. Maloney, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

## OPINION

Opinion by Justice MURPHY.

Spector Gadon & Rosen, P.C. appeals the trial court's order awarding attorney's fees to garnishee Southwest Securities, Inc. after Spector Gadon non-suited its garnishment proceeding. We affirm.

## BACKGROUND

Spector Gadon is a law firm that held a judgment from a Philadelphia court against former clients SSJ Investments, LLC, Stephen S. Jemal, and Sharon E. Jemal (debtors). In an attempt to collect on that judgment, Spector Gadon filed a garnishment action against Southwest on October 8, 2009.

### Southwest's Answer to Spector Gadon's Writ of Garnishment

Southwest stated in its verified answer to the writ of garnishment that it was indebted:

(1) to Stephen Jemal in the form of 1,000 shares of stock, but he had a negative cash position of $35 in the account, which was owed to Southwest;

(2) to Sharon Jemal in the form of $436 in an account, she had legal title as custodian for five accounts containing the amounts of $121, $181, $609, $181, and $191, respectively, and those accounts did "not appear subject to garnishment"; and

(3) to SSJ in the form of 500 shares of stock and, within Southwest's knowledge, The Dreyfus Corporation was indebted to SSJ in the form of Class B shares of Dreyfus General Money Market Fund valued at approximately $614.

Southwest also claimed entitlement to costs and attorney's fees pursuant to Texas Rule of Civil Procedure 677.

### Discovery and Debtors' Motion to Dissolve

On the same date Southwest answered the writ of garnishment, it also filed a motion for protective order regarding Spector Gadon's notice of deposition for Southwest's corporate representative. As grounds, Southwest asserted the notice was premature because it pre-dated the writ of garnishment, the notice for testimony was overly broad and burdensome because it sought information about "all accounts" for debtors, and the information should be sought by a request for documents. Spector Gadon then served Southwest with a first request for documents and an amended notice for Southwest's corporate representative deposition, changing the subject matter for the deposition to activity in debtors' accounts since "June 1, 2009."

The debtors filed their own motion to quash the deposition, claiming they had not yet been served with process in the garnishment and they were not available for the date the deposition was noticed. They also alleged Spector Gadon did not have a final judgment, as discussed in their motion to dissolve the writ of garnishment filed contemporaneously with their motion to quash. Southwest also filed another motion for protective order.

The day Southwest's response to Spector Gadon's document request was due, the debtors filed an emergency motion to quash and for protective order. They asserted their motions related to the "purported" Philadelphia judgment, including their motion to dissolve the Texas writ of garnishment, had not been decided. Specifically, they argued the trial court had "not ruled whether it will uphold an improper garnishment that does not comply with the Texas Rules of Civil Procedure." The debtors sought, alternatively, an order

of confidentiality as to public disclosure of their banking documents.

Spector Gadon responded by seeking an order compelling Southwest's production of documents and a corporate representative deposition pursuant to a second amended notice of deposition attached to Spector Gadon's response and motion. It argued the judgment was final, the Philadelphia court had ruled on the debtors' motion to stay execution and required them to post a bond, the debtors had already produced some account statements that led to the garnishment action against Southwest, and debtors' concerns as to confidentiality were addressed by a confidentiality order. The attached second amended notice again set Southwest's corporate representative deposition and changed the subject matter to information regarding debtors' accounts since June 2009 and transfers out of the accounts since September 2009.

The parties continued their dispute and exchange of notices, objections, and motions. On April 5, 2010, almost six months after the garnishment action was filed, the trial court held a hearing and denied Spector Gadon's motion to compel "in part." Pursuant to the order signed April 14, the court required Spector Gadon to serve Southwest with a deposition notice on written questions by April 9, "limited to no more than [20] questions," and ordered Southwest to answer the questions by April 23.

In response to Spector Gadon's deposition notice on written questions, Southwest filed a motion for protective order asserting the request for information was beyond the scope of discovery allowed in a garnishment action. The motion was scheduled for a hearing to begin at 1:30 p.m. on June 7, but the hearing never occurred because Spector Gadon mailed a notice of non-suit to the trial court on June 4, the Friday before the scheduled hearing.

### Non–Suit and Modification Orders

After the trial court signed an order granting Spector Gadon's non-suit, Southwest filed a motion to modify the dismissal order. Southwest sought an award of its attorney's fees and costs pursuant to rule 677 based on Spector Gadon's "abandonment" of its garnishment action. Citing *J.C. Hadsell & Co. v. Allstate Insurance Co.*, 516 S.W.2d 211 (Tex.Civ.App.-Texarkana 1974, writ dism'd), Southwest asserted the non-suit by Spector Gadon "should be treated the same as a discharge of the garnishee upon its answer because in effect that is what [Spector Gadon] did here." Southwest alleged it had incurred $28,067 in fees and expenses and attached the affidavit of one of its counsel regarding those fees. It also argued it should be awarded its attorney's fees and costs as a sanction against Spector Gadon's abuse of the judicial process by improper forum-shopping.

Spector Gadon responded with a combined objection and motion to strike attorney's affidavit and submitted a controverting affidavit. The objection and motion to strike contained assertions Southwest had "two fatal problems"—counsel did not provide sufficient information to determine if the requested fees were reasonable or necessary and counsel failed to engage in any kind of meaningful analysis of the *Andersen* factors. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex.1997) (citing TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West Supp.2011) (Tex. State Bar R. art. X, § 9)). It argued any fee award should be denied or substantially reduced.

## Trial Court's Orders

By order dated August 11, 2010, the trial court denied Southwest's motion for sanctions and granted in part the motion for Spector Gadon's reimbursement of Southwest's reasonable attorney's fees incurred in the garnishment action. The court noted in the order that it would "at a separate hearing, determine [Southwest's] reasonable attorney's fees ... incurred in this action."

Southwest's counsel later hand delivered a letter to the trial court on September 16, 2010, stating that the parties did not reach an agreement regarding the amount of Southwest's attorney's fees following the August 11 hearing. Counsel ended the letter with a request that the court award $21,000 in attorney's fees and enclosed a proposed order granting that amount.

Spector Gadon delivered its own letter the same date advising the trial court that Southwest had failed to cure "fundamental problems with their fee demand" because it had not cured a conclusory affidavit, had wholly failed to segregate fees or demonstrate specific fees for the specific tasks, and had wholly failed to counter Spector Gadon's specific evidence outlining the required factors for fee awards. It added that the "$21,000.00 is only slightly less shocking than the more than $28,000 + [Southwest] sought at the August 11, 2010 hearing which the Court properly rejected." It ended the letter by stating the court "should view that failure for what it is and deny [Southwest's] fee request in its entirety."

The trial court signed Southwest's proposed order on September 24, 2010, awarding $21,000 in attorney's fees. Spector Gadon appeals that order, contending in two issues the attorney's fees were not statutorily allowed and the trial court erred in awarding the fees without an evidentiary hearing or competent evidence

that the fees were "reasonable and/or necessary."

## DISCUSSION

### Statutory Authority for Attorney's Fees

Pursuant to Spector Gadon's first issue, we must determine whether the garnishment rules, and particularly rule 677, allow for the recovery of Southwest's attorney's fees in the circumstances presented. Whether Southwest may recover attorney's fees under these rules is a question of law, and we therefore apply a de novo standard of review. *See Holland v. Wal–Mart Stores, Inc.,* 1 S.W.3d 91, 94 (Tex. 1999) (per curiam); *Cent. Forest S/C Partners, Ltd. v. Mundo–Mundo, Inc.,* 184 S.W.3d 296, 299 (Tex.App.-Dallas 2005, no pet.).

■ Rule 677 governs cost allocation in garnishment proceedings and provides:

Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this section; where the answer is contested, the costs shall abide the issue of such contest.

Tex.R. Civ. P. 677; *Buckeye Ret. Co. v. Bank of Am., N.A.,* 239 S.W.3d 394, 405 (Tex.App.-Dallas 2007, no pet.). "Costs" under rule 677 include attorney's fees. *See Buckeye,* 239 S.W.3d at 405; *Rowley v. Lake Area Nat'l Bank,* 976 S.W.2d 715, 721 (Tex.App.-Houston [1st Dist.] 1998, pet. denied); *see also Sorenson v. City Nat'l Bank,* 121 Tex. 478, 49 S.W.2d 718, 722 (1932) (citing virtually identical predecessor to rule 677; the allowance of "rea-

sonable compensation" to discharged garnishee includes reasonable attorney's fee).

Spector Gadon contends that "by its plain terms," rule 677 "does not require [Spector Gadon] to pay Southwest, a garnishee admittedly holding property of the Judgment Debtors, anything upon non-suit." It argues Southwest never cited rule 677 or any authority that stands for the proposition that a garnishee holding judgment debtor property is entitled to fees upon a garnishor's non-suit and there was "no need" for Spector Gadon to contest Southwest's answer.[2] Southwest responds that it was discharged by virtue of Spector Gadon's non-suit and both rule 677 and case law support its argument it was discharged, and not "held," on its answer. Alternatively, it argues, "Southwest is not a garnishee that was unsuccessful on a contested claim (the only category of garnishee *not* entitled to attorneys' fees under Rule 677)." Specifically, Southwest asserts rule 677 provides for attorney's fees to garnishees "in *all* situations, *unless* the garnishee contests the garnishment *and* loses the contest."

Spector Gadon characterizes Southwest's argument as a new "prevailing garnishee" position, which it argues was waived and is inapplicable. In that connection, Southwest sought in its answer to recover attorney's fees from Spector Gadon or debtors "as provided in Rule 677." In its motion to modify, Southwest also argued entitlement to attorney's fees pursuant to rule 677 because of Spector Gadon's "abandonment" of its garnishment action. The issue of whether Southwest was entitled to attorney's fees as costs

under rule 677 was squarely before the trial court pursuant to the pleadings. Additionally, Spector Gadon has failed to provide us with a transcript of the August 11 hearing on Southwest's motion to modify, and the trial court has not issued findings of fact or conclusions of law with respect to the attorney's fees award. *See Shenandoah Assocs. v. J & K Props., Inc.,* 741 S.W.2d 470, 484 (Tex.App.-Dallas 1987, writ denied) (op. on reh'g) (all findings of fact and conclusions of law necessary to uphold attorney's fees award deemed in favor of judgment where no findings requested or filed); *Schoeffler v. Denton,* 813 S.W.2d 742, 744 (Tex.App.-Houston [14th Dist.] 1991, no writ) (when findings of fact and conclusions of law are not requested and none are filed, reviewing court will affirm trial court's order on any reasonable theory supported by evidence and authorized by law); *cf. Bryant v. United Shortline Inc. Assurance Servs., N.A.,* 972 S.W.2d 26, 31 (Tex.1998) (in absence of reporter's record, appellate court indulges every presumption in favor of trial court's findings). On this record, we conclude Southwest has not waived its argument that rule 677 provides for attorney's fees to garnishees in all situations unless the garnishee loses a contested issue.

■ We need not evaluate Southwest's argument in its entirety here, although it is not addressed directly by Spector Gadon, because resolution of whether attorney's fees are *always* available to garnishees absent loss of a contested issue is not necessary to disposition of this appeal. *See* Tex.R.App. P. 47.1. We conclude under

---

**2.** We observe Spector Gadon incorrectly represents that Southwest "never cited rule 677" in support of its entitlement to attorney's fees. Nothing is ambiguous or unclear about Southwest's answer in which it requested "that all claims to the accounts at issue be determined and adjudicated and that it be

discharged from all liability" and recover its costs, expenses, and attorney's fees from Spector Gadon or debtors "as provided in Rule 677." Similarly, Southwest specifically requested recovery of its attorney's fees under rule 677 in its motion to modify.

this Court's analysis in *Buckeye* that the award of costs fell within the third provision of rule 677—the costs shall abide the issue of a contest.[3] *Buckeye*, 239 S.W.3d at 405. As such, we cannot conclude the trial court abused its discretion when it awarded those costs.

In *Buckeye*, the bank garnishee answered the writ of garnishment by stating it had in its possession two safe deposit boxes "possibly" belonging to the debtor. *Id.* at 398. Ultimately, the trial court determined pursuant to a bench trial the property did not belong to the debtor, and in its final judgment, the court stated each party was responsible for its own fees and costs. *Id.* at 405 n. 3. The bank asserted on appeal that it had prevailed on a contested answer and was entitled to attorney's fees under rule 677. *Id.* at 405. The creditor responded that the answer was not contested and, even if contested, rule 677 does not provide for the recovery of attorney's fees. *Id.* This Court concluded the bank's answer that it was in possession of safe deposit boxes "possibly" belonging to debtor created a contested issue. *Id.* Accordingly, the bank had a right to attorney's fees from the creditor under the third provision of rule 677—the costs shall abide the issue of such contest. *Id.*

Southwest stated in its answer that it was indebted to all three debtors, but qualified its response as to Stephen Jemal by stating he had a negative cash position of $35 in the account, which was owed to Southwest. As to Sharon Jemal, Southwest qualified its answer by stating the custodial accounts in her name did "not appear subject to garnishment." As to "all claims to the accounts at issue," Southwest requested the claims "be determined and adjudicated and that it be discharged from all liability" and that it recover its costs, expenses, and attorney's fees from Spector Gadon or debtors "as provided in Rule 677." After Southwest filed its answer, the debtors also filed a motion to dissolve the writ of garnishment, claiming Spector Gadon did not have a final judgment. Thereafter, the parties engaged in a lengthy discovery dispute described in part above regarding the accounts held by Southwest. That discovery dispute continued after Southwest produced account statements for the relevant period. It was just before a hearing on Southwest's last motion for protection that Spector Gadon filed a non-suit of the garnishment action. While Southwest no doubt responded in its answer that it was indebted to the Jemals and SSJ, we cannot conclude the answer was uncontested.

Under the third provision of rule 677, the trial court, at the least, had the discretion to award Southwest's attorney's fees. *See, e.g., Campbell v. Stucki*, 220 S.W.3d 562, 568 (Tex.App.-Tyler 2007, no pet.) (attorney's fees in garnishment should be taxed against the unsuccessful litigant of the contest); *Cantu v. Butron*, 905 S.W.2d 718, 720 (Tex.App.-Corpus Christi 1995, writ denied) (where garnishee bank discharged upon intervening event, and rule 677 does not mandate which party should bear the garnishee bank's expenses in such circumstances of the instant case, the matter lies within the discretion of the trial court); *City of Houston v. Blackbird*, 658 S.W.2d 269, 273 (Tex.App.-Houston [1st Dist.] 1983, writ dism'd) (plaintiff liable for

---

**3.** Thus, under the circumstances presented, it is unnecessary to address the parties' arguments that Southwest was, or was not, effectively "discharged upon [its] answer" as provided in the first of rule 677's provisions. *See, e.g., J.C. Hadsell & Co.*, 516 S.W.2d at

213–14 (citing that non-suit is formal abandonment of garnishment action with all costs properly taxable against creditor; holding non-suit on uncontroverted answer entitled garnishee to attorney's fees under first provision of rule 677).

all costs when non-suit filed). We conclude the trial court did not abuse its discretion on the record before us. We overrule Spector Gadon's first issue.

### Attorney's Fees

Spector Gadon contends in its second issue that the trial court erred in finding Southwest was entitled to $21,000 in attorney's fees "without an evidentiary hearing or where there was no competent evidence that the requested fees were reasonable and/or necessary." In its summary of the argument, however, Spector Gadon refers only to the lack of "proper evidence of reasonable and necessary fees." Spector Gadon cites no standard of review and no authority that required the trial court to conduct an evidentiary hearing beyond the affidavits and arguments presented to the trial court.

■■■ The fixing of a reasonable attorney's fee is a matter within the sound discretion of the trial court, and its judgment will not be reversed on appeal absent a clear abuse of discretion. *See Rowley,* 976 S.W.2d at 724; *see also Buckeye,* 239 S.W.3d at 405 (fixing of a reasonable fee is matter within sound discretion of trial court). Under this standard, legal and factual sufficiency are not independent grounds of error, but rather are relevant factors in assessing whether the trial court abused its discretion. *See Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991).

The trial court's order awarding attorney's fees to Southwest recited that "[a]fter considering the evidence submitted by the parties in connection with [Southwest's motion to modify] and the argument of counsel at the August 11, 2010 hearing, the Court finds that Defendant/Garnishee's reasonable and necessary attorney's fees incurred in this action are $21,000." Spector Gadon has not provided a transcript of

that hearing. *See Bryant,* 972 S.W.2d at 31 (in absence of reporter's record, appellate court indulges every presumption in favor of trial court's findings). In addition to our presumption in favor of the trial court's findings, the record includes Southwest's supporting affidavit and Spector Gadon's controverting affidavit.

■■■ Southwest's affidavit in support of attorney's fees included averments as to (1) counsel's familiarity with the work performed for Southwest in the garnishment action, including the answer, discovery responses, review of documents, drafting motions, and various communications with the client, (2) the names and hourly rates of counsel working on the case, (3) the numbers of hours worked by each attorney, (4) the name, rate, and work of a paralegal assisting with the case, (5) the names, rates, and hours of litigation-support specialists who reviewed electronic documents, (6) online research fees and electronic-document processing fees totaling $2,531, and (7) a consideration of the factors (enumerated in the affidavit) stated under rule 1.04 of the Texas Disciplinary Rules of Professional Conduct in determining reasonableness of attorney's fees. Affiant concluded, as an experienced attorney, that (1) under the rule 1.04 factors the rates were "normal, customary, and reasonable," (2) the hours and expenses identified were "reasonable and necessary," and (3) considering "the customary fees in cases similar to this one, the amount in controversy, the experience, reputation, and ability of the attorneys involved, and the preclusion of other employment," the amount of $25,072 would be "reasonable and necessary" as to attorney's fees and costs (including paralegal and litigation-support specialists). Spector Gadon countered this affidavit with a combined objection and motion to strike and a controverting affidavit. The "two fatal problems"

Spector Gadon cited both involved the adequacy of Southwest's proof. All of this information was before the trial court pursuant to the August 11 hearing.

After the trial court directed the parties to agree on the amount of fees following that hearing, Southwest's counsel delivered a letter to the trial court stating that the parties did not reach an agreement and requested that the court award $21,000 in attorney's fees. Spector Gadon responded with its own letter complaining again about the adequacy of Southwest's proof.

We observe first as to any suggestion by Spector Gadon that the trial court erred by not conducting an additional hearing, Spector Gadon did not request discovery, another hearing, or anything other than a reduction or total denial of Southwest's fee request. And although Spector Gadon represents to this Court it did not waive any right to insist on an additional hearing, it references as support its September 16, 2010 letter to the court in response to Southwest's letter requesting the court decide the fee question. Nowhere in that letter did Spector Gadon even mention a supplemental hearing; rather, it simply asked the court to deny Southwest's fee request in its entirety. We conclude Spector Gadon has presented nothing for us to review regarding an additional evidentiary hearing. *See* Tex.R.App. P. 33.1.

■■■ Southwest's reasonable and necessary attorney's fees presented a fact question for the trial court. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998) (reasonableness of attorney's fee award is fact question). An abuse of discretion does not occur where the trial court bases its decision on conflicting evidence. *See Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). The fact finder can consider the nature and complexity of the case, the amount in controversy, the amount of time

and effort required, and the expertise of counsel in arriving at a reasonable amount of attorney's fees. *See, e.g., Murrco Agency, Inc. v. Ryan*, 800 S.W.2d 600, 607 (Tex.App.-Dallas 1990, no writ) (factors to be considered include nature of the case, time spent, and skill and experience required). The amount and reasonableness of attorney's fees involves several intangible factors, and the trial court can draw on its own expertise in that decision-making. *See id.* at 606–07.

While Southwest's affidavit was not conclusive evidence because it was controverted by Spector Gadon's opposing affidavit, the affidavit provided competent evidence sufficient to support the trial court's award of $21,000 as a reasonable and necessary fee. *See, e.g., Garcia v. Gomez*, 319 S.W.3d 638, 641 (Tex.2010) (attorney's affidavit stating usual and customary fee for medical-malpractice lawsuit, while lacking specifics, was not merely conclusory and was some evidence of a reasonable attorney's fee). In making its final decision, the trial court had before it conflicting evidence, as well as the parties' arguments addressed in their moving and responsive papers, the August 11 hearing, and the supplemental letters to the court. The trial court also was equipped to draw on its expertise in making that decision. We conclude the trial court did not abuse its discretion and therefore overrule Spector Gadon's second issue.

## CONCLUSION

Under this Court's precedent, Southwest's answer to the writ of garnishment was not uncontested; the trial court therefore did not err in awarding reasonable attorney's fees pursuant to rule 677 upon Spector Gadon's non-suit of the garnishment action. The trial court considered competent evidence of those attorney's fees and did not abuse its discretion in

making that award. Accordingly, we overrule Spector Gadon's two issues and affirm the trial court's order.