**Affirm in Part and Reverse and Remand in Part and Opinion Filed December 6, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00632-CV**

**IN THE INTEREST OF L.C., AND A.C., CHILDREN**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-55616-2022**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Goldstein

Father, pro se, appeals the trial court's order granting Mother's post-decree request for modification of possession, access and child support in this suit affecting the parent-child relationship (SAPCR). Under an omnibus issue, Father raises what he describes as "state and federal questions of constitutional import that demand de novo review" and sets forth twelve constitutional questions and six procedural deficiencies for review. We affirm the trial court's judgment in part, reverse in part, and remand for proceedings consistent with this opinion. Because all the dispositive issues are settled in law, we issue this memorandum opinion.

# BACKGROUND

In December 2017, a Denton County district court signed a final divorce decree dissolving the marriage between Mother and Father and awarding Father standard possession of the children with no child support required. In August, 2022, Mother filed a petition to modify parent-child relationship seeking modification of possession, access and child support, asserting that the "circumstances of the children, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified." The trial court appointed an attorney ad litem for the two children.

On March 9, 2023, the Collin County trial court[1] commenced a bench trial on the requested modification, advising the parties each were allocated forty-five minutes, to which Father objected.[2] Mother testified to the infrequency of the visitation exercised by Father after the divorce and that he left the United States for Indonesia, initially for a few months, returning at the end of 2018. Upon his return, Father visited with the children only once. Father traveled to Indonesia again in 2019 and was gone for a year and a half, returning in September of 2020 with a wife and child. Between September and Christmas 2020 Father had six visits, with four days

---

[1] The docket sheet reflects the transfer certificate filed on September 21, 2022.

[2] Father represented himself at time of trial. The trial court notes that pretrial conference had not been held as this was a bench trial and a hearing regarding declaratory relief and a motion to compel was held on the 23rd. There is no record of this hearing, therefore nothing to review. The trial court then noted she had read the motions and denied them at that time, instructing Father he could make legal objections during the trial.

for Christmas. Neither child visited with Father after Christmas 2020. Father communicated with Mother via texts and did not talk or speak to the children by phone after Christmas 2020. Father sought visitation again in May 2022, and Mother allowed the visits, which were at the Delta County, Texas property ("Property") that Father received in the divorce. Mother testified that at the time of the divorce the Property had no water or sewage. The children visited Father three times before the summer and sought summer visitation for the month of July. Both children returned from the Property with advanced staph infections. Father told Mother that "some kid had impetigo and the kids caught a small rash from them, the other kid." Father had taken the children to a physician several weeks before he returned the children and provided Mother with the medication. Mother testified that she was seeking supervised visitation in Collin County due to unsafe conditions with Father. Mother confirmed that she was not comfortable allowing her children to go to a place where they cannot call her and where the sheriff or Child Protective Services (CPS) are not allowed to inspect, because she has no way to know the children are safe.[3]

Mother also requested that the trial court set child support. No child support was awarded in the final decree of divorce because Father allegedly "wouldn't grant

---

[3] At the temporary hearing, Father's visitation was suspended. Mother confirmed Father's testimony provided at the temporary orders hearing that there was "no plumbing in the children's quarters at his residence," that his "children should feel honored to use an outhouse" and that "occasionally he would take the children to a state park to take a shower" to establish why she believed her children are not in a safe environment at Father's home. Mother reported the lesions all over her children's bodies to CPS; the case was dismissed after the temporary hearing.

[Mother] the divorce if [she] asked for child support." Mother asked for child support to be founded upon a gross income per month of five thousand dollars based upon Father's monthly income representation at the temporary hearing. The source of the income was disability. Mother introduced an exhibit to aid the court in the child support calculation which was admitted with no objection.[4] Mother confirmed Father carries health insurance for the children and the request, in the amount of $919.54 per month, takes into account Father has another child he is obligated to support. The request included retroactive payment of child support to the date of Father's appearance in this matter.

Mother testified to material and substantial changes to the children's circumstances since the time of the divorce, namely that the children are older and more engaged in activities, and that she has had them more of the time. Mother also advised that she is seeking additional rulings and injunctions that are in the children's best interest, due to her belief that Father engaged in abuse and neglect of the children, to prevent Father from removing the children from Collin County or hiding the children from Mother.

Father in his case in chief advised the court he had no witnesses, just closing and objections. Father used the remainder of his allotted time to make closing arguments and objections, all of which were overruled by the trial court.

---

[4] The child support obligation reflected in the exhibit showed the monthly gross wages, less federal income tax, FICA and Medicare, the children's health insurance of ($75.51/month), the Section 154.128 credit with the adjusted net resources available for child support in the amount of $3,678.18.

–4–

In one issue containing two sections and numerous subsections, Father avers:

Appellant raises the following appellate questions for this Court's review as state and federal questions of constitutional import that demand de novo review under well-established state and federal standards of constitutional review (independently and separately) as equally applied to all civil litigants or under classifications justified by strict scrutiny equal protection review[.]

Section A purports to relate to the application of twelve discrete constitutional rights identified by Father as: the Supremacy Clause, First Amendment, Right to Vindicate, Right to Challenge, Burden of Proof, Exercise Federal Jurisdiction, Standing/Subject Matter Jurisdiction, Prior Restraints, Fourth Amendment/Child Support, Compelled Speech/Censorship/Child Support, Penalize Child for Divorce Between Parents and Right to Litigate his rights in a trial court rather than an appellate court.

Section B purports to raise appellate questions for abuse of discretion and clear error review in six identified subsections entitled: Lack of Jurisdiction/Res Judicata, Finding of Facts and Conclusions of Law Omissions, Unanswered Dilatory Pleas and Questions of Law, Limited Trial Time, Child Support Calculation Error, Attorneys Fees Issues.

## BRIEFING WAIVER: SUBSECTION A.

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with

applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). *In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Servs.*, 4 S.W.3d 46, 53 (Tex. App—San Antonio 1999, pet. denied).

The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, non-argumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contentions made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1; *McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex. App.—Dallas 2001, pet. denied). Existing legal authority applicable to the facts and the questions we are asked to address must be accurately cited and analyzed. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). When a party fails to adequately brief a complaint, he waives the issue on appeal. *In re N.E.B.*, 251 S.W.3d at 212. While we were not favored with a brief that contained more than bare assertions of error, supported by adequate argument or applicable authority, we conceive that the issues may be categorized generally as (1) constitutional challenges to the trial court's jurisdiction to modify the divorce decree relative to custody and child support; (2) challenges to procedural deficiencies, and (3) sufficiency of the evidence of material and substantial change in circumstances.

Father provides twelve different constitutional propositions, a summary of the argument, and additional argument under each category, with no distinct substantive analysis on the purported application of federal law upon the state SAPCR proceeding under the Family Code. While Father contends with citation to the record that he brought the same to the trial court's attention, he fails to address the applicable law in conjunction with citation to the facts. As Father has failed to adequately brief his constitutional contentions, we overrule Subsection A, sub-issues 1-12 as having been waived on appeal.

## DISCUSSION: SUBSECTION B

### I. STANDARD OF REVIEW

As a general rule, we give wide latitude to a trial court's decision on custody, control, possession, and visitation matters. *In re C.P.J.*, 129 S.W.3d 573, 576 (Tex. App.—Dallas 2003, pet. denied). We review a trial court's decision to modify child support or conservatorship under an abuse of discretion standard. *In re I.J.N.*, No. 05-21-00738-CV, 2023 WL 2674079 *2 (Tex. App.—Dallas 2023, Mar. 29, 2023, no pet.) (mem. op.) (citing *In re C.C.J.*, 244 S.W.3d 911, 917 (Tex. App.—Dallas 2008, no pet.)). The trial court has broad discretion to set or modify child support. *In re K.M.B.*, 606 S.W.3d 889, 894 (Tex. App.—Dallas 2020, no pet.); *In re A.M.W.*, 313 S.W.3d 887, 890 (Tex. App.—Dallas 2010, no pet.). We will not disturb a trial court's ruling on a support order absent a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). The trial court abuses its discretion if it

acts in an arbitrary and unreasonable manner or without reference to any guiding principles. *Id.*; *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). Under this standard, the legal and factual sufficiency of the evidence are relevant factors but are not considered as independent grounds of error. *In re M.C.M.*, No. 04-15-00565-CV, 2016 WL 3181574, at *2 (Tex. App.—San Antonio June 8, 2016, no pet.) (mem. op.). We review the evidence in the light most favorable to, and indulge every legal presumption in favor of, the trial court's ruling. *Id.* If some evidence of a substantial and probative character supports the trial court's decision, there is no abuse of discretion. *In re S.E.K.*, 294 S.W.3d 926, 930 (Tex. App.—Dallas 2009, pet. denied).

We review a trial court's statutory interpretation of the proper method to calculate child support de novo. *In re K.M.B.*, 606 S.W.3d at 894; *In re P.C.S.*, 320 S.W.3d 525, 532 (Tex. App.—Dallas 2010, pet. denied). Our primary task in construing a statute is to ascertain and give effect to the legislature's intent by first looking at the express language of the statute according to its plain and ordinary meaning, unless doing so would cause an absurd result or a contrary intention is evident from the context. *In re K.M.B.*, 606 S.W.3d at 894.

## II.   APPLICABLE LAW

Chapter 154 of the family code is concerned with ascertaining the obligor's income in order to protect the child's best interest and to maintain an adequate standard of living for the child. *Id.* at 896; *In re A.R.W.*, No. 05-18-00201-CV, 2019

–8–

WL 6317870, at *9 (Tex. App.—Dallas Nov. 26, 2019, no pet.) (mem. op.). The starting point for assessing child support liability under the Texas Family Code is to calculate the child support obligor's monthly "net resources" and apply statutory guidelines to that amount. TEX. FAM. CODE ANN. §§ 154.061(a), 154.062, 154.125. Section 154.062 of the family code provides an all-inclusive definition of what constitutes "net resources" by requiring the calculation of sources of income, excluding enumerated sources of potential funds, and then mandating the deduction of certain items from the calculation of net resources. *Id.* § 154.062. The amount of child support assessed under the guidelines is presumed reasonable, in the best interest of the child, and appropriate. *Id*. § 154.122.

## III.   ANALYSIS

### B.I. Lack of Jurisdiction: Res Judicata

While deficient in his briefing, we are able to discern that Father purports to challenge the validity of the SAPCR modification order on child support and conservatorship. Specifically, as to the material and substantial change that is required, Father argues that the trial court lacked jurisdiction because it made no findings of fact or conclusions of law establishing a material and substantial change in circumstances, thus rendering the trial court's modification order void. For the same reason, Father argues that res judicata applies and therefore the best interest finding of the original divorce decree cannot be relitigated.

We disagree. While the findings of fact and conclusion of law do not contain the words "material and substantial change,"[5] the trial court made the very specific findings "based upon clear and convincing evidence of abuse and neglect of the children while in the possession of [Father] that the following possession order limiting the possession and access of [Father] is in the best interest of the children." Specifically:

> The Court finds that since the date the divorce was granted that [Father] remained away and was absent from the lives of the minor children for extended periods in excess on one year. The Court finds that, while in the possession of [Father], the minor children in this matter were forced to perform dangerous hard labor, including but not limited digging a well by hand, with shovels, and sanding gas storage tanks at the risk of explosion while on property that was unkept [*sic*], overgrown with weeds and riddled with debris. The Court finds the children were forced to live in a shed that did not have running water, did not have plumbing and had a dirt floor. The Court finds that the electricity run to the home was not in compliance with any building codes and presented an open and obvious danger to minor children on, or in, the premises. The Court finds that [Father] has refused to allow the Department of Family and Protective Services to come upon his premises in order to investigate the circumstances under which the children live while in his possession. The Court finds that [Father] failed and refused to allow officers of the Sheriff's Department to come upon his premises in order to conduct a welfare check on the children that was called in by the children's mother after she had received a frantic phone call for help from one of the minor children, while the children were in [Father's], possession. The Court finds that limiting the periods of possession of [Father] and

---

[5] To the extent Father argues the trial court was required to explicitly use these words in its findings of fact and conclusions of law, we reject the argument. Although Chapter 156 of the Family Code authorizes a trial court to modify the conservatorship, custody, and support provisions of a decree based on a material and substantial change in the children's circumstances, nothing in Chapter 156 requires using those exact words in its modification order or findings of fact and conclusions of law. *See* TEX. FAM. CODE ANN. §§ 156.001 *et seq.* Further, whether the children's circumstances were materially and substantially changed is a legal conclusion and therefore deemed in support of the modification order. *See State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996) ("Conclusions of law which are necessary, but not made, are deemed in support of the judgment.").

the minor children, as follows, is the least restrictive means to ensure the safety and welfare of the children while in the possession of [Father].

Based upon the record, the evidence and testimony at trial, these findings reflect the material and substantial change in circumstances to warrant modification. Father does no more than make generalized allegations and complaints under nine subheadings to challenge the modification order en toto that preserves little or nothing for our review. *See* TEX. R. APP. P. 38.1. As the record reflects that the trial court adhered to the statutory requirements for modification orders, and the record supports those modifications, we conclude that the trial court had jurisdiction to enter the modification order. We overrule issue B.I.

## B.II. Findings of Fact and Conclusions of Law Omissions[6]

Father requested findings of fact and conclusions of law, which were signed by the trial court on May 3, 2023. Father requested additional findings of fact and conclusion of law. The record does not reflect amended findings of fact or conclusion of law signed by the trial judge.

Father argues as part of his procedural deficiency assertions that his request for additional findings and conclusions in response to the trial court's "glaring

---

[6] Father's brief contains vaguely identified subparts entitled "Procedural Deficiencies & The Absence of Jurisdictional Findings" and "Consequences of Procedural Deficiencies" that appears to make additional jurisdictional and omitted findings arguments contained in BI and BII. To the extent Father is endeavoring to include another subpart for this court to address, we determine that such generalized arguments, with minimal citation to the record and no referenced authority, constitute briefing waiver. TEX. R. APP. P. 38.1.

–11–

omissions" highlighting "the court's neglect to establish 'a material and substantial change in circumstances'", that Mother's "initial petition lacked the requisite specificity to ascertain the nature of the complaint" and that "vague framing" prevented Father from "effectively preparing a defense against the allegations,"[7] Father makes generalized arguments and averments relative to the trial court's failure to "make specific findings of fact or conclusions of law regarding the issues of fact and law raised by [Father] . . . in his pleadings" and that the lack of detail hinders his "ability to appeal and present his case, as he is left without clarity on why the court ruled against him," making the "proceedings fundamentally unfair." Father asserts jurisdiction concerns due to those omissions. Father wholly fails to identify a specific requested but omitted finding or conclusion that hinders his ability to appeal or present his case. Father also presents no cogent argument or authority attached to a specific citation to the record to support his arguments. The trial court entered findings of fact and conclusions of law, and the question raised is whether the trial court was required to file additional findings and conclusions.

Upon a party's timely request for additional findings, the trial court "shall file any additional or amended findings and conclusions that are appropriate." TEX. R. CIV. P. 298. Additional findings are not required if the original findings and conclusions properly and succinctly relate the ultimate findings of fact and law

---

[7] To the extent this argument purports to raise inadequate briefing, Father never filed a special exception therefore has waived any purported defect in pleading. TEX. R. CIV. P. 90; *Crosstex Energy Servs. v. Pro Plus, Inc.*, 430 S.W.3d 384, 395 (Tex. 2014).

necessary to apprise the party of adequate information for the preparation of the party's appeal. *In re Marriage of C.A.S.*, 405 S.W.3d 373, 381–82 (Tex. App.—Dallas 2013, no pet.); *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 612 (Tex. App.—Fort Worth 2006, pet. denied). An ultimate fact is one that would have a direct effect on the judgment. *In re Marriage of C.A.S.*, 405 S.W.3d at 382. If the refusal to file additional findings does not prevent a party from adequately presenting an argument on appeal, there is no reversible error. *Id.* If the requested findings will not result in a different judgment, the findings need not be made. *Main Place*, 192 S.W.3d at 613.

Father requested eighty-two pages of additional and amended findings of fact and conclusions of law. While Father preserved his ability to complain on appeal, he fails to present argument to this Court about how specific omitted findings or conclusions affected the ultimate issues in this case or the disposition of any affirmative claims or defenses presented by Father, or would have resulted in a different modification order. We conclude that the original findings and conclusions relate to the ultimate findings of fact and conclusions of law to apprise Father of adequate information for the preparation of his appeal. Father was not prevented from adequately presenting an argument on appeal; he has just failed to do so. We conclude the trial court did not abuse its discretion in declining to enter additional findings of fact and conclusions of law requested by Father. We overrule issue B.II.

**B.III. Unanswered Dilatory Pleas and Questions of Law**

Father avers that "the trial court did not address the issues of law, jurisdiction, and dilatory pleas raised by [Father] in the pleadings." Father follows this statement by citation to four different filings contained in the record. Father contends the failure to address the issues he raised in these filings deprived him of a fully developed record and violated his right to due process.

When an issue on appeal embraces more than one specific ground of error or attacks several and distinct separate rulings of the trial court, it is multifarious. *Rich v. Olah*, 274 S.W.3d 878, 885 (Tex. App.—Dallas 2008, no pet.); *Clancy v. Zale Corp.*, 705 S.W.2d 820, 823 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). We may disregard any assignment of error that is multifarious. *Rich*, 274 S.W.3d at 885. Alternatively, we may consider a multifarious issue if we can determine, with reasonable certainty, the error about which complaint is made. *Id.*

The record reflects that Father presented motions and the trial court ruled. Specifically, the trial court in its findings stated:

> An evidentiary hearing[8] was held on all pending motions on January 5, 2023. Both parties appeared and announced ready. The Court heard testimony and argument on each of the motions filed by [Father], the Court found the motions to be without merit, concluded the same were not warranted by existing law and announced in open Court that the Court denied and overruled the motions presented by [Father].

---

[8] Our record does not contain the transcript of the January 5, 2023, or March 31, 2023, hearings. However, as there is no specific challenge to the specific rulings made, only that the trial court did not address the issues, and the record reflects the court did so address; therefore, there is nothing further for us review.

–14–

. . .

> The Court finds that [Father] filed Post Trial Written Objections, Motion to stay Final Pending appeal, in the Alternative Set Aside, Vacate, Or strike the Orders to Modify the Parent-Child Relationship, Notice of Proposed Final Order Not Conforming to the Memorandum or Issues Litigated. Each of said motions were considered by the Court, in open court, during a hearing encompassing the above stated motions which was set by the Court on March 31, 2023, in the Court's written Memorandum delivered to each party and attorney during the final hearing, in open court, on March 9, 2023. At said hearing all evidence and argument on each of the motions was duly considered by the Court. The Court entered the final order on motion to modify, as presented, after striking the provision requiring attorney's fees to be payable as child support at the request of [Father]. The post-trial motions filed and presented by [Father], were denied and overruled, in open court.

Father fails to challenge a specific ruling and provides no argument as to why any of these rulings was erroneous. Sub-issue B.III is therefore multifarious. We discern no merits-based challenge to these rulings and are therefore unable to determine whether the trial court abused its discretion. With a lack of record, cogent argument or applicable authority, we conclude that Father has waived Sub-issue B.III. TEX. R. APP. P. 38.1.

**B.IV. Limited trial time.**

Father challenges the imposed time limit contending that the trial court "arbitrarily breach[ed] [Father's] right to due process by reducing his trial time by twenty-five percent without proper justification or prior notification."

Every trial court has the inherent power to control the disposition of the cases on its docket "with economy of time and effort for itself, for counsel, and for litigants." *In re B.W.S.*, No. 05-20-00343-CV, 2022 WL 2712494, at *3 (Tex.

–15–

App.—Dallas July 13, 2022, no pet.) (mem. op.) (quoting *State v. Gaylor Inv. Trust P'ship*, 322 S.W.3d 814, 819 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). When a trial court limits the amount of time a party has to present its case, and thereby prevents a party from presenting all of its evidence, the party must object to the time limit and make an offer of proof of the evidence it was prevented from presenting to preserve error on appeal. *E. J. v. Tex. Dep't of Family & Protective Servs.*, No. 03-18-00473-CV, 2018 WL 6627720, at *5 (Tex. App.—Austin Dec. 18, 2018, pet. denied). We review a trial court's imposition of time limits at trial, and the exclusion of evidence due to the imposition of time limits, using an abuse-of-discretion standard. *In re M.A.S.*, 233 S.W.3d 915, 924 (Tex. App.—Dallas 2007, pet. denied). A trial court does not abuse its discretion unless it acts in an arbitrary and unreasonable manner. *State v. Reina*, 218 S.W.3d 247, 250 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

The bench trial discovery control plan and scheduling order noted that the parties requested two hours per side for trial. The trial court advised the parties at the beginning of the trial of the time limit of forty-five minutes per side, to which Father objected. Although Father appeared pro se at the modification hearing and Mother was represented by counsel, the trial court nonetheless gave each side the same amount of time to present their case. During the course of the proceeding, the trial court advised of the time remaining.

Father contends that the reduction in trial time impacted his ability to present his case, "potentially limiting his opportunity to introduce evidence and arguments." We disagree. The record reflects that the following exchange occurred between Father and the trial court at the beginning of his case in chief:

> Father: "If I have written objections and I want to orally present them to the Court, will that also count against my time?
>
> Court: Yes.
>
> Father: Okay. I'm going to go -- I have no witnesses, Your Honor. I just have closing and objections.

Although Father objected to the time limits imposed during trial, he neither made an offer of proof at trial nor a post-trial bill of exception setting forth the evidence excluded because of time constraints. *E.J.* 2018 W.L. 6627720 at *6. Father chose not to testify, provide controverting evidence, or cross examine Mother; rather Father made the decision to solely raise objections and assert arguments in his case in chief.[9] Therefore, he does not provide this court with anything to review.[10] On this record, we conclude the trial court did not abuse its discretion in setting time limits at the modification hearing. *See* TEX. R. EVID. 611(a); *see also In re M.A.S.*, 233 S.W.3d at 924.

---

[9] Father does not challenge the trial court's rulings on the objections made during trial and requested rulings were admitted at the end of the trial.

[10] Father has failed to preserve for appellate review his complaint that the reduction in trial time impacted his ability to present his case. TEX. R. APP. P. 33.1.

The time limits did not violate Father's right to due process. On the contrary, the record shows Father was provided a fair opportunity to confront witnesses and present his case but chose not to do so, opting instead to make objections and assert arguments. Accordingly, we overrule Father's complaints concerning the time limits imposed at the modification hearing. We overrule issue B.IV.

## B.V. Child Support Calculations

Subsection B.V of Father's brief contains two subparts: Father challenges both the child support calculation and the calculation for child support arrears. Relative to child support, Father avers:

> Did the trial court err in using a health insurance premium of $75.61, and is the resulting child support calculation of $919.54 supported by legally sufficient evidence?

The record before us reflects that the child support premium of $75.61 was deducted before determining the adjusted net resources of available for child support. Father argues that the "trial court erred in its child support calculations due to the absence of evidence supporting the inclusion of health insurance premiums in the net resources calculation." Mother testified that Father was providing health insurance for the children. While the source for the premium amount was not identified, it was in an exhibit admitted for purposes of calculating the adjusted child support

obligation, with no objection, challenge or controverting evidence.[11] We overrule Issue B.V.a.

Father avers that the trial court committed error in its calculation of child support arreages by including March in arrears while initiating regular child support in the same month.

Section 156.401(b) of the Texas Family Code[12] provides in relevant part:

a support order may be modified with regard to the amount of support ordered only as to obligations accruing after the earlier of:

(1) the date of service of citation; or
(2) an appearance in the suit to modify.

Tex. Fam. Code Ann. § 156.401(b).

The trial court found that the "resources and earning potential of [Father], and proven needs of the children, support the following guideline temporary child support based on gross monthly earnings of $5,000.00. The trial court further found that Father had three children, two of whom were before the court. The trial court found the "net resources of [Father] to be $4,086.84 with due consideration for the cost of health care insurance premiums paid by [Father]. Further finding that Father had one child not before the court, such that "the percentage applied to [Father's] net resources for child support to be 22.5%." The trial court found and concluded that "the percentages and amounts of child support stated herein are in in conformity

---

[11] A comparison sheet of premiums was identified by Mother but not admitted at trial and therefore cannot be considered.

[12] Noted exceptions not applicable here.

–19–

with the provisions of Chapter 154 of the Texas Family Code and the amounts of child support ordered do not vary from the guideline child support stated therein." The trial court then ordered that Father was "obligated to pay and shall pay guideline child support to [Mother] in the amount of $919.54 per month[.]"

The trial court ordered that the child support payments started retroactively from October 1, 2022, with first arrearage payment of $225.00 due on March 15, 2023 and "a like payment due on April 1, 2023 and on the 1st day of each month thereafter until paid in full." Father's monthly child support obligation "in the amount of $919.54 per month, with the first payment being due and payable on the 15th day of March, 2023, and a like payment of $919.54 being due and payable on April 1, 2023". Father asserts, without citing authority, that including March in arrears while initiating child support that same month is improper. Father further contends that "[t]estimony did not set the award request for child support arrears at $5,517.24."[13] We disagree and conclude that evidence in the record supports the amount in arrears as of March 9, 2023. We determine that a simple mathematical calculation utilizing the child support obligation amount of $919.54 multiplied by the number of months in arrears, 6 months from October 1, 2022, up to and including March 1, 2023, supports the trial court's finding based upon Mother's request of

---

[13] To the extent Father argues that the arrearage is correctly $4597.70, he failed to raise this with the trial court and therefore has waived this challenge. A defect in the judgment must be brought to the trial court's attention to preserve it for appellate review. *See Lerer v. Lerer*, No. 05- 02-00124-CV, 2002 WL 31656109, at *7 (Tex. App.—Dallas Nov. 26, 2002, no pet.) (not designated for publication) (citations omitted).

$5,517.24. Mother's requested ruling for child support arrears was admitted as an aid to the court with no objection for that purpose and the amount of arrears requested. The trial court's findings as to the number of months in arrears and the child support obligation are based upon sufficient evidence in the record. Father's subissue B.V.b is overruled.

## B.VI. Attorney Fee Issues

Father complains that the trial court erred in awarding Mother attorney's fees because "there is no clear statute or provision cited in the record that would authorize this type of fee recovery in a, non-child support enforcement, SAPCR Modification lawsuit." Mother's live pleading, the First Amended Petition, requests an award of attorney's fees without citation to a statute or provision. Mother responds that if Father believed the pleading to be insufficient, or sought a basis for the fees, he needed to specially except, contending his failure to do so waives any defect in pleading.

The modification order provides in pertinent part:

> IT IS ORDERED that good cause exists to award [Mother] judgment in the amount of five thousand dollars ($5,000.00) for reasonable attorney's fees, expenses, and costs incurred by [Mother] in the prosecution of this matter, together with interest at 6[] percent per year compounded annually from the date the judgment is signed until paid. The judgment, for which let execution issue, is awarded against [Father], Respondent. Respondent is ORDERED to pay the fees, expenses, costs, and interest to [Mother's attorney at firm's address] by cash, cashier's check, or money order on or before April 30, 2023. [Mother's attorney] may enforce this judgment for fees, expenses, and

costs in the attorney's own name by any means available for the enforcement of a judgment.

The same language, without more, was incorporated into the trial court's finding of facts and conclusion of law. Father further contends that the fees were not shown to be reasonable and necessary. Mother avers that attorney's fees should be remanded to the trial court for a new hearing on attorney's fees to support the attorney's fees requested over and above the fees awarded.

A trial court's authority to award attorney's fees in civil cases may not be inferred; rather, the Legislature must provide authorization through the express terms of the statute in question. *Tucker v. Thomas*, 419 S.W. 3d 292, 297 (Tex. 2013). As discussed below, we focus our analysis on two sections of the family code to determine whether the trial court had authority to award attorney's fees as no statutory provision was cited.

Numerous sections in the Family Code authorize a trial court to award attorney's fees in a SAPCR proceeding. Section 106.002, applicable to all SAPCRs, invests a trial court with general discretion to render judgment for reasonable attorney's fees to be paid directly to a party's attorney. TEX. FAM. CODE ANN. § 106.002(a); *see also Lenz v. Lenz*, 79 S.W.3d 10, 21 (Tex. 2002) ("An attorney's fees award in a suit affecting the parent-child relationship is discretionary with the trial court.").

The Legislature has enacted specific provisions that control awards of attorney's fees in certain types of cases under Title 5, including separate provisions

–22–

for Chapter 156 modification suits. Section 156.005 requires that a trial court tax attorney's fees as costs against the offending party in modification suits if the court finds that the suit was "filed frivolously or is designed to harass a party." TEX. FAM. CODE ANN. § 156.005. Other than the provision regarding frivolously filed modification suits in section 156.005, no provision in Chapter 156 specifically provides trial courts with authority to award attorney's fees in modification suits. *Tucker*, at 297. Thus, trial courts must derive authority to order attorney's fees in non-enforcement modification suits from Title 5's general attorney's fees provision in section 106.002. *See id*. § 106.002; *see also Tucker*, at 297.

It is undisputed that counsel prevailed on behalf of Mother. To recover attorneys' fees, counsel must establish the authorization of fee-shifting, either by statute or contract.[14] *Id*. at 487. The Legislature has provided specific enforcement mechanisms for attorney's fees awarded in a SAPCR. Section 106.002, which applies generally to all SAPCRs, provides that a judgment for attorney's fees may be enforced by any means available for the enforcement of a judgment for debt. *Id*. § 106.002(b); *Id*. The language of the trial court's order is that of a judgment debt

---

[14] As Mother filed a SAPCR non-enforcement modification suit, no provision of Chapter 156 authorizes an award of attorney's fees. Therefore, a court must look to the general attorney fee provision in section 106.002 for authority to award attorney's fees in a non-enforcement modification suit. Section 106.002 provides: " a) In a suit under this title, the court may render judgment for reasonable attorney's fees and expenses and order the judgment and postjudgment interest to be paid directly to an attorney. (b) A judgment for attorney's fees and expenses may be enforced in the attorney's name by any means available for the enforcement of a judgment for debt. Tex. Fam. Code. §106.002.

and we conclude that the trial court had authority to award attorney's fees under section 106.002.

We review the trial court's decision to grant or deny attorney's fees for an abuse of discretion. *Spector Gadon & Rosen, P.C. v. Sw. Sec., Inc.*, 372 S.W.3d 244, 251 (Tex. App.—Dallas 2012, no pet.) ("The fixing of a reasonable attorney's fee is a matter within the sound discretion of the trial court, and its judgment will not be reversed on appeal absent a clear abuse of discretion."). Legal and factual sufficiency of the evidence are not independent grounds under this standard of review but are relevant factors we may consider in assessing whether the trial court abused its discretion. *Id.* We must look to the specific statute providing for an award of attorney's fees for this authority—authority that is absent in the context of non-enforcement modification suits. *Id.*

A claimant seeking an award of attorney's fees must prove the attorney's reasonable hours worked and reasonable rate by presenting sufficient evidence to support the fee award sought. *Rohrmoos Venture v. UTSW DVA Healthcare*, *LLP*, 578 S.W.3d 469, 501–02 (Tex. 2019) (citations omitted). General, conclusory testimony devoid of any real substance will not support a fee award. *Id.* at 501. Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Id.* at

502. Contemporaneous billing records are not required to prove the requested fees are reasonable and necessary. *Id*. However, billing records are strongly encouraged to prove the reasonableness and necessity of requested fees when those elements are contested. *Id*. Regardless, the proof must be sufficient to permit a court "to perform a meaningful review of [the] fee application." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 764 (Tex. 2012).

> Here, Mother's attorney's testimony, in its entirety, was as follows:
>
> I'm a duly licensed attorney in the State of Texas. I have been so since 1992. I'm board certified in family law. I have been so since the year 2000. I practice almost exclusively in Collin County, Texas and in family law areas.
>
> My current hourly rate is $500 per hour which is what [Mother] agreed to pay me as well as to pay my associate attorney at the rate of $350 per hour and two of our paralegals at the rates of 165 and 155 per hour. All together we have put in 81.3 hours of work in this matter. At those rates and prior to today we were above the sum of $30,000; however, I'm asking the Court to enter an order requiring [Father] to pay the sum of $30,000 back to [Mother] as reasonable and necessary attorneys' fees for the purposes of child support and enforcement as the same.
>
> I believe that these fees are reasonable and necessary in Collin County, Texas, and I am familiar with the fees charged by other attorneys of similar qualification, skill, education, and training, and I believe each and all of those to be reasonable and necessary and, again, ask the Court to enter an order for $30,000 in attorneys' fees.

Counsel's testimony was offered without objection or cross examination as to the fees. While counsel's testimony provides "some" evidence, it was general, conclusory, and fails to meet the *Rohrmoos* standard. *See Rohrmoos*, 578 S.W.3d at 498–502. Accordingly, Mother presented legally insufficient evidence to support the

–25–

requested fee award. *Id.* at 501; *Ferrant v. Lewis Brisbois Bisgaard & Smith, L.L.P.*, No. 05-19-01552-CV, 2021 WL 2963748, at *6 (Tex. App.—Dallas July 14, 2021, no pet.) (mem. op.) (law firm presented legally insufficient evidence to support fee award where firm offered no testimony or documentary evidence of the specific tasks performed by attorneys and staff or the amount of time spent on specific tasks).

However, Family Code Section 106.002 provided authority for an award of attorney's fees, and Mother provided some evidence legal services were required to prosecute her claims. *See* TEX. FAM. CODE ANN. § 106.002; *Rohrmoos*, 578 S.W.3d at 505–06. When the record lacks the requisite details to support a requested fee award, the appropriate remedy is a remand for further proceedings on the request. *Rohrmoos*, 578 S.W.3d at 506; *In re S.W.*, No. 05-20-00582-CV, 2022 WL 2071110, at *3 (Tex. App.—Dallas June 9, 2022, no pet.) (mem. op.) (remanding to trial court for further proceedings on request for attorney's fees where attorney provided some evidence of hourly rates and hours worked on case but did not provide sufficient evidence of the particular services performed, who performed the services, when the services were performed, and a reasonable amount of time required to perform the services); *Ferrant,* 2021 WL 2963748, at *6 (same).

Accordingly, we partially sustain Father's Issue B.VI. and remand to the trial court for a redetermination of Mother's attorney's fees[15] through the non-enforcement modification proceeding. *See Rohrmoos*, 578 S.W.3d at 506.

## IV.  MODIFICATION OF ACCESS AND POSSESSION.

Father presents no specific issue relative to the trial court's modification of possession and access but that challenge is subsumed within several issues in his challenge to material and substantial change in circumstances since the Final Divorce Decree.

The trial court found, based upon clear and convincing evidence of abuse and neglect while in Father's possession and that a possession order limiting possession and access of Father is in the best interest of the children. Specifically, the findings of fact and conclusions of law provide:

> The Court finds, based upon clear and convincing evidence of abuse and neglect of the children while in the possession of [Father] that the following possession order limiting the possession and access of [Father] is in the best interest of the children. The Court finds that since the date the divorce was granted that [Father] remained away and was absent from the lives of the minor children for extended periods in excess on [*sic*] one year. The Court finds that, while in the possession of [Father], the minor children in this matter were forced to perform dangerous hard labor, including but not limited [to] digging a well by hand, with shovels, and sanding gas storage tanks at the risk of explosion while on property that was unkept, overgrown with weeds and riddled with debris. The Court finds the children were forced to live in a shed that did not have running water, did not have plumbing and had a dirt floor. The Court finds that the electricity run to the home was

---

[15] We note without further discussion that Mother did not cross-appeal on the award of attorney's fees less than what was requested. However, the evidence was insufficient to support an award of five thousand dollars under *Rohrmoos* and it is upon this award that we remand.

not in compliance with any building codes and presented an open and obvious danger to minor children on, or in, the premises. The Court finds that [Father] has refused to allow the Department of Family and Protective Services to come upon his premises in order to investigate the circumstances under which the children live while in his possession. The Court finds that [Father] failed and refused to allow officers of the Sheriff's Department to come upon his premises in order to conduct a welfare check on the children that was called in by the children's mother after she had received a frantic phone call for help from one of the minor children, while the children were in [Father's] possession. The Court finds that limiting the periods of possession of [Father] and the minor children, as follows, is the least restrictive means to ensure the safety and welfare of the children while in the possession of [Father].

We conclude that the court in its findings and conclusions has identified with specificity the material and substantially changed circumstances since the final decree of divorce. To the extent Father argues the trial court's findings were based on legally insufficient evidence, we reject the argument. We overrule Father's issues on possession and access.

## CONCLUSION

In sum, we conclude that Father's constitutional challenges are waived; the trial court has jurisdiction over the proceedings, parties and SAPCR proceeding before it; and the trial court's order and findings establish the "material and substantial change in circumstances to modify the Final Decree of Divorce relative to child support, possession, access and conservatorship.

We reverse the trial court's award of attorney's fees and remand to the trial court for a redetermination of Mother's attorney's fees. In all other respects, we affirm the trial court's judgment.


230632f.p05

/Bonnie Lee Goldstein/.
BONNIE LEE GOLDSTEIN
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF L.C., AND
A.C., CHILDREN

No. 05-23-00632-CV

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-55616-
2022.
Opinion delivered by Justice
Goldstein. Justices Reichek and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment awarding attorney's fees in favor of Appellee Lacy Crone. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Aaron recover his costs of this appeal from appellee Lacy Crone.

Judgment entered this 6th day of December, 2024.